**Dr. T. P. Leonard, Plaintiff-Appellee, v. Thomas Walsh, Defendant-Appellant.**

**Gen. No. M–10,674.**

Fourth District.

May 9, 1966.

Supplemental opinion September 26, 1966.

Thomas F. Walsh, pro se, of Lincoln, appellant.

Burger, Geisler & Fombelle, of Decatur (Norman J. Fombelle, of counsel), for appellee.

CRAVEN, J.

This action originated in the magistrate's division of the circuit court of Macon County, in the form of a small claims complaint to collect $50 for medical services allegedly rendered by the plaintiff to the defendant. The action was instituted and the complaint signed by one "B. J. Smith agent for Dr. T. P. Leonard."

The defendant, by special and limited appearance, filed a motion for change of venue, asserting his residence to be in Logan County, and further alleging that the plaintiff had not rendered any medical services to the defendant in Macon County. The motion to dismiss was denied. Subsequently, judgment was entered against the defendant by default. This appeal is from that judgment. The record of proceedings from recollection indicates this cause of action to be predicated upon the following facts.

The defendant, an attorney, who resides in Logan County, requested the plaintiff, a resident of Macon County, to come to Logan County to testify on behalf of defendant's client in pending litigation. Plaintiff agreed and did appear in Logan County for purposes of testimony. The request to testify was made of the plaintiff in Macon County.

The sole contention of the defendant here is that the judgment is "manifestly wrong" and in contravention of the venue provisions of the Civil Practice Act.

Section 5, c 110, Ill Rev Stats 1963, provides:

"Except as otherwise provided in this Act, every action must be commenced (a) in the county of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment against him and not solely

46

for the purpose of fixing venue in that county, or (b) in the county in which the transaction or some part thereof occurred out of which the cause of action arose."

The phrase, placing venue "in the county in which the transaction or some part thereof occurred out of which the cause of action arose," is determinative of the venue issue raised by this appeal. It is not necessary, as the defendant contends, either that the defendant reside in Macon County or that the medical services were performed in that county; rather, it is only required that some part of the transaction occurred in that county. It is clear from this record that such was the fact. The motion for change of venue was properly denied. Standard Mut. Ins. Co. v. Kinsolving, 26 Ill App2d 180, 167 NE2d 241 (1960); Consolidated Gasoline Co. v. Lexow, 316 Ill App 257, 44 NE2d 927 (1942).

This record shows this proceeding to have been instituted on behalf of an individual plaintiff by one who is described as an agent and who is not an attorney. The decision of this Court in Remole Soil Serv., Inc. v. Benson, filed April 12, 1966, 68 Ill App2d 234, 215 NE2d 678, requires a reversal of the judgment.

In this case, it is clear that one not licensed to practice law has instituted legal proceedings on behalf of another in a court of record. When this appears the suit should be dismissed, and if it has proceeded to judgment the judgment is void and will be reversed. 7 CJS Attorney and Client, par 16b.

The judgment of the trial court is reversed and this cause is remanded with directions to vacate the judgment and dismiss the suit at the plaintiff's cost.

Reversed and remanded with directions.

TRAPP, P. J. and SMITH, J., concur.

SUPPLEMENTAL OPINION ON REHEARING.

Rehearing was granted in this case.

This court, on its own motion, received additional briefs and heard further argument of counsel on the matters discussed in the opinion.

In this case, the complaint was filed by one "B. J. Smith agent for" plaintiff. It is urged that on the same date the complaint was filed, a request for summons was filed, bearing the name of an attorney, and that thereafter an attorney represented the plaintiff throughout the proceeding.

██ The Civil Practice Act, § 13(1) (Ill Rev Stats 1965, c 110, par 13(1)), provides, "Every action . . . shall be commenced by the filing of a complaint . . ." Rule 9–1 of the Supreme Court rules (Ill Rev Stats 1965, c 110, § 101.9–1B), governing small claims, provides that an action on a small claim may be "commenced by . . . filing a short and simple complaint . . ." That which initiates the proceeding is the complaint, not the praecipe for summons. See Historical and Practice Notes, SHA c 110, § 13.

As early as 1841, it was held that no person can commence an action in a court of record as "agent" for another unless he is a regularly licensed attorney. Robb v. Smith, 3 Scam (4 Ill) 46. Subsequent pronouncements on the subject do not modify the philosophy underlying this holding. See ILP, Attorneys and Counselors, § 15, and cases there cited.

For the reasons stated, we adhere to the views set forth in our original opinion, and this cause is reversed and remanded with the directions contained in the original opinion.

TRAPP, P. J. and SMITH, J., concur.