**Orlando FAIR, Plaintiff,**

v.

**Richard GIVAN, Chief Justice of the Supreme Court of Indiana, and Theodore L. Sendak, Attorney General of Indiana, Defendants.**

No. S 80–337.

United States District Court,
N.D. Indiana,
South Bend Division.

March 13, 1981.

Orlando Fair, pro se.

Theodore L. Sendak, Atty. Gen. of Indiana by Ronald D. Buckler, Deputy Atty. Gen., Indianapolis, Ind., for defendants.

### MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

Orlando Fair, an inmate at the Indiana State Prison, filed a *pro se* complaint under

42 U.S.C. § 1983 alleging that Richard M. Givan, Chief Justice of the Supreme Court of Indiana, and Theodore L. Sendak, Attorney General of the State of Indiana, have violated his constitutional rights. He claims that "the two defendants are denying plaintiff his rights to access to the courts. . ." and are denying "his right to due process and equal protection . . ." By his complaint, Fair seeks injunctive and declaratory relief in order that he may use the legal assistance of another inmate in various legal matters in the state courts of Indiana.

On September 29, 1980 a Verified Petition to Restrain the Unauthorized Practice of Law and for an Emergency Alternative Writ of Mandate and Prohibition was filed by the Attorney General of Indiana alleging that Richard Lee Owen II, an inmate at the Indiana State Prison, was engaging in the practice of law before the Porter Superior Court and the Honorable Bruce Douglas in two actions, *State v. Orlando Fair*, Cause No. 74–PSCr–41 and *State v. Pendrick*, Cause No. 79 PSCr–54. The Supreme Court issued the Emergency Alternative Writ of Mandate and Prohibition that same day. The Supreme Court then took judicial notice that Owen did not appear on the Roll of Attorneys of the Supreme Court of Indiana and thereby issued a Temporary Restraining Order Without Notice against Richard Lee Owen II restraining him from:

1. Appearing in courts of the State of Indiana on behalf of others;

2. Filing pleadings on behalf of others; and,

3. Otherwise engaging in the practice of law.

On October 14, 1980, argument was heard on the issues before the Supreme Court of Indiana. George F. Pendrick and Orlando Fair's "Motion for Leave to Intervene as Parties Respondent" was denied. Since Judge Douglas complied with the Court's Emergency Alternative Writ of Mandate and Prohibition the issues concerning him were rendered moot and the Temporary Restraining Order Without Notice against Owen was dissolved. After a careful review of the state court record in *Indiana v. Richard Lee Owen II and Honorable Bruce Douglas*, No. 980–S–379, Porter County Superior Court, the Court finds that all of the pertinent documents have been incorporated into the record of this case. Therefore, the release of the state court record to the plaintiff was unnecessary.

Fair's § 1983 complaint amounts to a collateral attack on the October 15, 1980 order of the Supreme Court of Indiana concerning Richard Lee Owen. The central issue under consideration here is analogous to cases in which attorneys and law students file suit in federal court to challenge the proceedings under which they were disbarred, disciplined or denied admission to the bar in state court. In such actions the federal courts have declined jurisdiction on the basis that to do so would amount to a review of state proceedings by way of an original action. *Brown v. Board of Bar Examiners of State of Nevada*, 623 F.2d 605 (9th Cir. 1980); *Lampkin-Asam v. Supreme Court of Florida*, 601 F.2d 760 (5th Cir. 1979), *cert. den.*, 444 U.S. 1013, 100 S.Ct. 662, 62 L.Ed.2d 642, *reh. den.*, 444 U.S. 1103, 100 S.Ct. 1071, 62 L.Ed.2d 790; *Doe v. Pringle*, 550 F.2d 596 (10th Cir. 1976), *cert. den.*, 431 U.S. 916, 97 S.Ct. 2179, 53 L.Ed.2d 227 (1977). See also, *Brunwasser v. Strassburger*, 490 F.Supp. 959 (D.C.Pa.1980); *Rivera v. Monge*, 448 F.Supp. 48 (D.C. Puerto Rico 1978), citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), which concerned a suit brought in the United States District Court to nullify an Indiana court judgment.

The above cases hold that relief, if any, would be by petition to the Supreme Court of the United States. See also, *Kimball v. Florida Bar*, 465 F.Supp. 925, 927 (D.C.Fla. 1979); *MacKay v. Nesbett*, 412 F.2d 846 (9th Cir. 1969), *cert. den.*, 396 U.S. 960, 90 S.Ct. 435, 24 L.Ed.2d 425 (1969). 28 U.S.C. § 1257.

Similarly the Court of Appeals for the Seventh Circuit has held that:

"It is settled that disciplinary orders of the highest court of a state may be reviewed federally only in the Supreme

Court by petition for certiorari and not by suit in the district courts." (*Grossgold v. Supreme Court of Illinois*, 557 F.2d 122 at 125 (7th Cir. 1977)).

See also, *Martin-Trigona v. Underwood*, 529 F.2d 33 (7th Cir. 1975); *Whitfield v. Illinois Board of Law Examiners*, 504 F.2d 474 (7th Cir. 1974).

■ Fair does not allege that defendants acted beyond their lawful authority or abused their constitutional powers. He does not allege that Chief Justice Givan or Attorney General Sendak have absolutely denied him access to the courts or the right to law assistance. Nor does he allege that Owen represents his sole means of legal assistance at the Prison. He merely claims that he has been denied the assistance of inmate Owen and, therefore, denied his constitutional rights. He cites no case or statute in force in this or any other jurisdiction to support his allegations of constitutional harm. Without more, Fair is derivatively precluded from raising in this federal court the defendants' actions and decisions regarding Owens' unauthorized practice of law.

If held otherwise, the effect of such review would be to permit a litigant to impeach by third party a state court decision and thereby nullify its lawful effect. Such a rule would deny state courts their power to decide with finality questions of law that are within their jurisdiction and thus, infringe upon the state's ability to enforce its own substantive law. *Brunwasser v. Strassburger*, supra, at 964.

Thus, Fair's § 1983 action fails upon jurisdictional grounds.

■ Recognizing that an inmate's *pro se* complaint is held to a less stringent standard than one drafted by an attorney, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652, the complaint still lacks the requisite factual elements and legal foundation to establish a cause of action for the deprivation of federally guaranteed rights. *French v. Heyne*, 547 F.2d 994 (7th Cir. 1976). The applicable standards state that such complaints should not be dismissed unless it appears beyond doubt that the plain-

tiff can prove no set of facts in support of his claims which would entitle him to relief. *Haines v. Kerner, supra*, 404 U.S. at 520–521, 92 S.Ct. at 595–596. See also, *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251, *reh. den.*, 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785. And for purposes of a motion to dismiss pursuant to F.R.C.P. Rule 12(b)(6), the allegations of such complaints are generally taken as true. *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263, *reh. den.*, 405 U.S. 998, 92 S.Ct. 1272, 31 L.Ed.2d 467 (1972).

The first inquiry of an allegation of a § 1983 complaint is whether the plaintiff has been deprived of a federal right "secured by the Constitution and laws." 42 U.S.C. § 1983. *Baker v. McCollan*, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433. Under the Federal Rules of Civil Procedure, a plaintiff in a § 1983 action is "required to set forth specific illegal misconduct and resultant harm in a way which will permit an informed ruling whether the wrong complained of is of federal cognizance." *Duncan v. Nelson*, 466 F.2d 939, 943 (7th Cir. 1972), *cert. den.*, 409 U.S. 894, 93 S.Ct. 116, 34 L.Ed.2d 152 (1972). See also, *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957).

When read as a whole, Fair's allegations and supporting facts do not show a deprivation of rights, immunities or privileges that are guaranteed by the federal constitution.

■ In his supporting facts, Fair states that he "filed a written motion waiving counsel and requested, and was granted, the right to proceed *pro se*" in his post-conviction relief action in the Porter Superior Court. When this is taken as true there is no casual basis for his claim that defendants obstructed his access to the courts or denied his right to assistance in legal matters in the Indiana court.

■ Fair does not allege that he was denied counsel upon his request. Under Indiana Post-Conviction Remedy Rule 1, § 9 and I.C. 33–1–7–2 it is mandatory that the Public Defender represent pauper petition-

ers in proceedings involving post-conviction relief. *Ferrier v. State*, Ind., 385 N.E.2d 422. And although post-conviction proceedings are civil in nature, a court would have the power to appoint attorneys to defend any indigent persons. See I.C. 34–1–1–3; *Kerr v. State ex rel. Wray*, 35 Ind. 288 (1871), *Hendryx v. State*, 130 Ind. 265, 29 N.E. 1131 (1892).

Assuming, arguendo, that an indigent petitioner refuses the services of the Public Defender and yet requests legal assistance the court would have the inherent power to appoint counsel.

■ Fair states that the Porter Superior Court had granted him the assistance of Owen in his cause of action. However, it is well established that a criminal defendant has no constitutional right to have an unlicensed attorney or layman represent him. In particular, the Sixth Amendment does not create a right to be represented by a non-attorney lay person. *United States v. Taylor*, 569 F.2d 448 (7th Cir. 1978), *cert. den.*, 435 U.S. 952, 98 S.Ct. 1581, 55 L.Ed.2d 803 (1978); *U. S. v. Peterson*, 550 F.2d 379 (7th Cir. 1977). See also, *United States v. Benson*, 592 F.2d 257 (5th Cir. 1979); *United States v. Anderson*, 577 F.2d 258 (5th Cir. 1978); *United States v. Bertolini*, 576 F.2d 1133 (5th Cir. 1978); *Weber v. Garza*, 570 F.2d 511 (5th Cir. 1978); *State of Nebraska v. Stoner*, 201 Neb. 664, 271 N.W. 348 (1978).

*Turner v. American Bar Assoc.*, 407 F.Supp. 451 (N.D.Tex., W.D.Pa., N.D.Ind., D.Minn., J.D.Ala., W.D.Wis.1975), *aff'd sub nom; Taylor v. Montgomery*, 539 F.2d 715 (7th Cir. 1976) and *Pilla v. American Bar Assoc.*, 542 F.2d 56 (8th Cir. 1976), held that there was insubstantial historical support for the plaintiffs' contention that they had a right to have an unlicensed layman assist them under the Sixth Amendment. 407 F.Supp. at pages 476–477. To hold otherwise would amount to court sanction of the unauthorized practice of law.

■ Attorney General Sendak acted pursuant to Rule 24, Indiana Rules for Admission to the Bar and the Discipline of Attorneys.

Chief Justice Givan acted pursuant to the Supreme Court of Indiana's exclusive and original jurisdiction to determine what constitutes the practice of law. Indiana Constitution Art. 7, § 4; I.C. 33–2–3–1. See, *In Matter of Perrello*, Ind., 386 N.E.2d 174, 179 (1979) and it is held that the practice of law includes the appearance in court representing another. *State ex rel. Western Parks, Inc. v. Bartholomew County Court*, Ind., 383 N.E.2d 290, 292 (1978). Thus, defendants acted within their constitutional and statutory authority on the actions of inmate Owen.

It is axiomatic that such disciplinary proceeding will affect not only Owen but those inmates he "represented". *Kissell v. Breskow*, 579 F.2d 425 (7th Cir. 1978) addressed a factually similar problem. In that case clients of an attorney who was the subject of state disciplinary proceedings brought a § 1983 suit alleging denial of their right to access to the courts and choice of counsel. The Seventh Circuit, *per curiam*, stated that " . . . there is no basis for the Kissell's argument that Breskow's actions denied their constitutional right of access to the courts or choice of counsel. To so hold on the facts of this case would have the absurd result of foreclosing all disciplinary action against any attorney who was appearing as counsel in any litigation. The client's right of access to court and free choice of counsel was never intended as a shield for attorneys toward whom the sword of discipline may be directed . . ." *Kissell v. Breskow*, supra, note 7 at page 430.

The allegations and facts presented do not present a claim upon which relief may be granted.

In light of the above, the plaintiff's cause of action is dismissed for lack of subject matter jurisdiction and in the alternative for failure to state a claim upon which relief may be granted.

SO ORDERED.