GEORGE A. JANICZEK, Plaintiff-Appellant, v. DOVER MANAGEMENT COMPANY *et al.*, Defendants-Appellees.

First District (4th Division)   No. 84—2664

Opinion filed June 27, 1985.

James G. Meyer, of Ialongo & Meyer, of Chicago, for appellant.

Norman J. Barry and Alan ·S. Madams, both of Rothschild, Barry & Myers, of Chicago, for appellee Donald Wilson.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Joseph J. O'Connell, Carlton D. Fisher, and Joshua G. Vincent, of counsel), for appellee O'Brien Corporation.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, George A. Janiczek, appeals from an order of the circuit court of Cook County dismissing with prejudice his personal injury action against defendants, Dover Management Company, New Plan Realty Company, Donald Wilson and O'Brien Corporation. We reverse and remand.

On January 4, 1980, plaintiff sustained personal injuries when a wall collapsed and fell on him. Shortly thereafter, plaintiff retained attorney Kenneth Orth to represent him both in a workers' compensation claim and in a common law action against defendants. Plaintiff's workers' compensation claim was settled in October 1980. On October 15, 1981, Orth was disbarred by the Illinois Supreme Court. On December 22, 1981, Orth filed the instant complaint on plaintiff's behalf seeking $200,000 in damages from defendants, but signed the complaint under the name of attorney Phillip J. Rotche, who had not authorized Orth to use his name. It was not until January 1983 that plaintiff discovered that Orth had been disbarred, that the complaint had been filed and that Rotche had not authorized Orth to sign the complaint in his name. Plaintiff personally appeared in court on January 21, 1983, and was given leave to obtain the services of additional or substitute counsel. On March 15, 1983, attorney Robert E. Byrne was given leave to file his appearance as additional counsel for plaintiff. On April 20, 1983, a substitution of attorneys was filed signed by Rotche, Orth and Byrne. On the same date an order was entered al-

lowing Rotche leave to withdraw his appearance for plaintiff.

On December 21, 1983, defendants filed a motion to dismiss the complaint on the ground that the complaint was originally filed by a person who was not authorized to practice law and therefore was void *ab initio*. The trial court dismissed the complaint with prejudice in a memorandum order dated September 28, 1984.

■ Under Illinois law, a person is privileged to appear in court on his own behalf, but he has no such privilege or authority to represent other persons unless he is admitted to the practice of law. (Ill.' Rev. Stat. 1983, ch. 13, pars. 1, 11; *People ex rel. Thompson v. Property Tax Appeal Board* (1974), 22 Ill. App. 3d 316, 320, 317 N.E.2d 121.) Where it appears that one not licensed to practice law has instituted legal proceedings on behalf of another in a court of record, such action should be dismissed, and if the action has proceeded to judgment, the judgment is void and will be reversed. (*Leonard v. Walsh* (1966), 73 Ill. App. 2d 45, 220 N.E.2d 57.) While this rule usually has been invoked to reverse judgments obtained by corporations (including municipal corporations) in actions filed and/or prosecuted on their behalf by nonattorney agents (see *Housing Authority v. Tonsul* (1983), 115 Ill. App. 3d 739, 740, 450 N.E.2d 1248; *Marken Real Estate & Management Corp. v. Adams* (1977), 56 Ill. App. 3d 426, 428, 371 N.E.2d 1192; *Aarrow Ambulance v. Davis* (1974), 16 Ill. App. 3d 318, 306 N.E.2d 363; *Remole Soil Service, Inc. v. Benson* (1966), 68 Ill. App. 2d 234, 215 N.E.2d 678), the rule also has been applied to natural persons. Thus, in *Leonard v. Walsh* (1966), 73 Ill. App. 2d 45, 220 N.E.2d 57, the court reversed a default judgment plaintiff, a physician, had obtained against defendant where a nonattorney agent instituted the action and signed the complaint on plaintiff's behalf. See also *National Bank v. First Wisconsin National Bank* (1977), 53 Ill. App. 3d 482, 488-89, 368 N.E.2d 119 (nonattorney could not represent his wife or his partnership); *In re Estate of Crooks* (1975), 30 Ill. App. 3d 1063, 333 N.E.2d 257 (abstract of opinion) (nonattorney could not represent any of the coplaintiffs or the alleged heirs of decedent); *People ex rel. Thompson v. Property Tax Appeal Board* (1974), 22 Ill. App. 3d 316, 320-21, 317 N.E.2d 121 (nonattorney could represent herself but not the class of which she was a member); and *City of Chicago v. Witvoet* (1973), 12 Ill. App. 3d 654, 299 N.E.2d 128 (nonattorney could not defend his wife in a prosecution for violation of a municipal ordinance).

This strict rule operates to void the judgment even where the lay agent merely files the complaint over his own signature, and all subsequent court appearances are made by a duly licensed attorney.

(*Housing Authority v. Tonsul* (1983), 115 Ill. App. 3d 739, 741, 450 N.E.2d 1248; *Marken Real Estate & Management Corp. v. Adams* (1977), 56 Ill. App. 3d 426, 428-29, 371 N.E.2d 1192; *Leonard v. Walsh* (1966), 73 Ill. App. 2d 45, 48, 220 N.E.2d 57.) The prohibition on representation by a nonattorney "does not differentiate between pretrial and trial practice." *Marken Real Estate & Management Corp. v. Adams* (1977), 56 Ill. App. 3d 426, 429, 371 N.E.2d 1192.

■ We do not question the reasoning or the results in the foregoing decisions; however, we note that in none of these cases did a lay person initially retain a duly licensed attorney to represent him in a personal injury action who, unbeknownst to the client, was then disbarred before he filed the complaint. Given these unique circumstances, we believe that a rigid adherence to precedent would not advance, but would in fact defeat, the purposes of the rule prohibiting representation by nonattorneys. That rule is intended to protect litigants against the mistakes of the ignorant and the schemes of the unscrupulous and to protect the court itself in the administration of its proceedings from those lacking the requisite skills. (*City of Chicago v. Witvoet* (1973), 12 Ill. App. 3d 654, 655-56, 299 N.E.2d 128.) But, we do not believe that either of these purposes is promoted by the dismissal of plaintiff's action. Not only would such a result clearly penalize an innocent party possessing a substantial personal injury claim, but it also would overlook the fact that the party did secure the services of a licensed attorney to represent him at trial. While we have not discovered any Illinois authority directly on point, there is an authority from other jurisdictions which suggests that, in this instance, dismissal of plaintiff's action was inappropriate.

Dismissal of proceedings brought by a nonattorney in a representative capacity is "a drastic remedy and may not be required in all cases." (*Niklaus v. Abel Construction Co.* (1957), 164 Neb. 842, 852, 83 N.W.2d 904, 911.) Thus, in *Busbee v. Georgia Department of Human Resources* (1976), 140 Ga. App. 365, 231 S.E.2d 137, the court refused to dismiss an appeal of a parent whose parental rights had been terminated, where the appeal had been filed by a person who was not licensed to practice law but was acting under a power of attorney. Rather than dismiss the appeal, the court elected to treat the appeal as a *pro se* appearance by the mother. In *Kasharian v. Wilentz* (1967), 93 N.J. Super. 479, 226 A.2d 437, the court stated that "nominal representatives or even active fiduciaries of the persons in beneficial interest, not themselves lawyers, should not be permitted to conduct legal proceedings in court involving the rights or liabilities of such persons without representation by attorneys duly qualified to

practice law." (93 N.J. Super. 479, 482, 226 A.2d 437, 438-39.) Notwithstanding this opinion, the court then vacated its order dismissing an appeal from an adverse decision on the merits in a wrongful death action brought by the decedent's father as administrator *ad prosequendum*. The court specifically found that "the interests of substantial justice to the class of persons represented by plaintiff (which includes three individuals besides himself) call for giving plaintiff an opportunity to retain counsel rather than summarily dismissing the appeal." (93 N.J. Super. 479, 481, 226 A.2d 437, 438.) Similarly, in *Ginn v. Farley* (1979), 43 Md. App. 229, 403 A.2d 858, although the court dismissed an appeal filed by a nonattorney in a representative capacity, it then treated the other appellants as having submitted their appeal on the brief filed by the nonattorney, and proceeded to consider the case on its merits.

In our judgment, dismissal with prejudice of plaintiff's cause of action against defendants was an unreasonably harsh sanction against. an innocent lay person who never "consciously elected to be represented by a layman." While Illinois has recognized a cause of action for the unauthorized and negligent practice of law (see *Torres v. Fiol* (1982), 110 Ill. App. 3d 9, 442 N.E.2d 1300), we do not believe that, under the unusual circumstances of this case, this tort theory of recovery should be considered an adequate remedy. We believe that the trial court should have allowed plaintiff to proceed to trial with substituted counsel.

Accordingly, we reverse the trial court's order dismissing with prejudice plaintiff's action and remand the case to the trial court with directions to reinstate plaintiff's complaint.

Reversed and remanded with directions.

JIGANTI, P.J., and HARTMAN, J., concur.