**Arthur SIMMONS, Appellant–Respondent,**

**v.**

**Roosevelt CARTER, Jr., Appellee–Petitioner.**

**No. 48A02–9103–CV–128 [1].**

Court of Appeals of Indiana, First District.

Aug. 28, 1991.

Opinion on Rehearing Sept. 25, 1991.

Mary Ann Wehmueller, UAW–GM Legal Services Plan, Anderson, for appellant-respondent.

RATLIFF, Chief Judge.

### STATEMENT OF THE CASE

Arthur Simmons appeals the denial of his motion to set aside a default judgment entered against him in a small claims action. We reverse and remand.

### ISSUE

The issue presented for our decision is whether a judgment entered in a small claims action instituted for another person by a person not admitted to practice law in this state is a nullity and must be vacated.

### FACTS

On February 20, 1990, a small claims action was instituted against Simmons on behalf of Carter by one Earlie Dixon who signed the Notice of Small Claim form on the signature line designated "Signature of Plaintiff or Plaintiff's Attorney". Dixon is not an attorney admitted to practice law in

1. This case was diverted to this office by order of the Chief Judge.

Indiana or elsewhere. Dixon, however, did hold a power of attorney from Carter. Simmons did not appear and was defaulted. On July 25, 1990, Carter appeared by his agent, Dixon, and judgment was entered against Simmons in the amount of $1,750.

On September 27, 1990, Simmons, by counsel, filed a motion to set aside the default judgment asserting lack of notice of the July 25 hearing and disputing the amount of the claim. A hearing was held on this motion on November 2, 1990, at which hearing, Dixon appeared for Carter. The small claims court gave the parties fourteen days to file memoranda of law, and on November 16, 1990, Simmons, by counsel, filed a memorandum of law which for the first time challenged the validity of the default judgment on the ground Simmons was represented by a person who was not an attorney duly licensed to practice law. The court denied the motion but did reduce the judgment from $1,750 to $1,550. This appeal ensued.

## DISCUSSION AND DECISION

■ First, we observe that Carter has not favored us with an appellee's brief. Therefore, Simmons need only make a prima facie showing of error in order to obtain a reversal. *State v. Schuetter* (1987), Ind.App., 503 N.E.2d 418, 420.

■ Although Simmons did not raise the issue of Carter's representation by a non-attorney in his motion to set aside the default judgment, presenting the issue initially in his post-hearing memorandum, because we deem the issue to be of the utmost importance, and for the reason that we regard the judgment in the small claims court to be void, we address the issue.

Ind.Small Claims Rule 8(C) provides: "A natural person may appear pro se or by counsel in any small claims proceeding." The rule further provides that a corporation must appear by counsel, except that in claims not exceeding $750, a full time employee of the corporation designated by the board of directors for that purpose may appear for the corporation. Here, Carter is a natural person, not a corporation, and either had to appear pro se or by counsel. He did neither.

In *State ex rel. Western Parks v. Bartholomew County Court* (1978), 270 Ind. 41, 383 N.E.2d 290, a case decided prior to the change in S.C.R. 8 permitting a corporation in certain small claims cases to appear by a non-attorney employee, the court held that a corporation must be represented by legal counsel in small claims court, and that the county court exceeded its jurisdiction in allowing a corporation to appear by its office manager who was not admitted to practice law in Indiana. The court further invalidated that portion of IND. CODE § 34-1-60-1, as it then existed, which provided that a corporation need not appear by counsel in small claims court. This court, in *Rollins Protective Services Co. v. Wright* (1986), Ind.App., 493 N.E.2d 811, a case involving the S.C.R. 8(C) requirement that a corporation appear by counsel in claims of over $300 (now $750), stated that the purpose of the rule is to prevent the unauthorized practice of law. However, we held the corporation appellant was estopped to raise the issue of its having appeared by a non-attorney employee. *Id.* at 812.

■ The upshot of *Western Parks* and *Rollins* is that while any natural person may appear in court on his or her own behalf, only persons duly admitted to practice law may appear on behalf of other persons. This rule is well recognized. Thus, it has been held that while a person not an attorney may appear in court for himself, he may not do so for others. *McShane v. United States* (9th Cir.1966), 366 F.2d 286. That the Indiana Supreme Court and Attorney General of Indiana acted within their authority in an action which culminated in an order restraining a prison inmate from representing another inmate was upheld in *Fair v. Givan* (N.D.Ind. 1981), 509 F.Supp. 1086.

■ Except for the provision allowing corporations to appear by certain designated employees in small claims of $750 or less, it is clear that a person may not appear in court by one who is not a lawyer. The issue for our determination then becomes that of the effect of a judgment rendered in an action filed for another by a

person not a lawyer, who appears in court for the named plaintiff and pursues the matter to judgment. We believe the judgment to be a nullity and so hold.

The only Indiana case we have found dealing with the problem presented here is the very recent decision in *The Christian Business Phone Book, Inc. v. Indianapolis Jewish Community Relations Council, et al.,* (1991), Ind.App., 576 N.E.2d 1276. In that case, a corporation filed a four count complaint which was signed by the president of the corporation who was not an attorney. No attorney appeared for the corporate plaintiff at the time the action was filed. The defendants filed a motion to dismiss based upon the failure of the corporation to appear by an attorney. The Court set the motion for hearing, but by the time of the hearing, legal counsel had appeared for the corporation. The trial court sustained the motion to dismiss. The Fifth District of this court reversed, holding the trial court erred in dismissing the corporate plaintiff's cause of action after an attorney had appeared for the corporation.

*The Christian Business Phone Book* case is readily distinguishable from this case. First, that case involves a corporation plaintiff rather than a natural person as here. Second, and more important, no duly admitted attorney has ever appeared for Carter, the natural person plaintiff in this case. Had Carter obtained legal counsel after the small claims action was commenced, but before the matter was submitted to the court and judgment entered, this case would be squarely within the holding in *Christian Business.* However, we need not consider the impact of the decision

in *Christian Business* [2] because it is not applicable to the facts now before us.

However, four recent cases from our neighboring state of Illinois have considered this matter, and have held that where a legal proceeding has been instituted on behalf of another in a court of record by one not licensed to practice law, the action should be dismissed, and if the suit has proceeded to judgment, the judgment is void. *Fruin v. Northwestern Medical Faculty Foundation* (1990), 194 Ill.App.3d 1061, 141 Ill.Dec. 667, 551 N.E.2d 1010, *cert. denied,* 133 Ill.2d 555, 149 Ill.Dec. 320, 561 N.E.2d 690; *Janiczek v. Dover Management Co.* (1985), 134 Ill.App.3d 543, 89 Ill.Dec. 673, 481 N.E.2d 25; [3] *Midwest Home Savings and Loan Assn. v. Ridgewood* (1984), 123 Ill.App.3d 1001, 79 Ill.Dec. 355, 463 N.E.2d 909; *Leonard v. Walsh* (1966), 73 Ill.App.2d 45, 220 N.E.2d 57, *cert. denied.*

The facts in *Leonard* are strikingly similar to those in this case. There, a default judgment was obtained in a suit by a physician to collect a bill which action was filed by a non-lawyer on the physician's behalf. The Illinois Appellate Court reversed the judgment with instructions to set aside the default judgment.

We find the Illinois cases to be dispositive of this case and adopt the holding in those cases. Therefore, we hold that the judgment in this case is void. The judgment, being void, must be set aside.

Judgment reversed and remanded with instructions to set aside and vacate the default judgment entered against Simmons.

SHIELDS and CONOVER, JJ., concur.

---

**2.** In *Fruin v. Northwestern Medical Faculty Foundation* (1990), 194 Ill.App.3d 1061, 141 Ill. Dec. 667, 551 N.E.2d 1010, it was held that a malpractice action filed in Illinois by an attorney licensed in Wisconsin but not in Illinois was properly dismissed notwithstanding subsequent participation by Illinois counsel.

**3.** In *Janiczek,* the court found unusual circumstances in that plaintiff's original attorney in a worker's compensation case which was settled successfully, later was disbarred. That attorney, after disbarment, filed a civil action for plaintiff, using the name of another attorney.

Plaintiff did not know of the disbarment, but upon discovering it, appeared in person and obtained permission to substitute different counsel. The court, on appeal, found such circumstances sufficient to avoid application of the rule that the suit as instituted was a nullity. *See also Theil v. Detering* (1984), 68 N.C.App. 754, 315 S.E.2d 789, *rev. denied,* 312 N.C. 89, 321 S.E.2d 908, holding that a pleading filed by an attorney not licensed in North Carolina was not a nullity, and, therefore, the filing beat the statute of limitations. This case presents no such unusual circumstances.

## OPINION ON REHEARING

In his petition for rehearing, Arthur Simmons has called our attention to two errors in our opinion handed down August 28, 1991. We grant rehearing to correct those errors.

In our original opinion we stated that Simmons did not raise the issue of Carter's representation by a non-attorney in his motion to set aside the judgment. While that statement was correct as to Simmons's written motion, at the hearing on the motion, Simmons orally moved to amend his motion to include that issue. The motion to amend was granted. Thus, Simmons did raise the issue.

We also stated on page ___ of the slip opinion: "Here, Simmons is a natural person, not a corporation, and either had to appear pro se or by counsel." We should have stated that Carter was a natural person. We amend that portion of our opinion to read: "Here, Carter is a natural person, not a corporation, and either had to appear pro se or by counsel." [Editor's Note: Correction made for publication of this opinion].

In all other respects, we confirm our opinion of August 28, 1991.

SHIELDS and CONOVER, JJ., concur.