AARON J. BLUE, Plaintiff-Appellant, v. THE PEOPLE OF THE STATE OF ILLINOIS, Defendant-Appellee.

Second District   No. 2—91—0434

Opinion filed January 9, 1992.—Rehearing denied February 18, 1992.

Robert Z. Blue, *pro se*, of Mt. Prospect, and William L. Barr, Jr., of Bell, Boyd & Lloyd, of Chicago, for appellant.

Roland W. Burris, Attorney General, of Springfield, and Michael J. Waller, State's Attorney, of Waukegan (Rosalyn B. Kaplan, Solicitor General, and Claudia E. Sainsot, Assistant Attorney General, of Chicago, and William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

Robert Z. Blue, a nonlawyer proceeding *pro se*, filed a "Complaint for an Order of Habeas Corpus" (complaint) in the name of his minor child, plaintiff Aaron J. Blue, with the circuit court of Lake County. The complaint alleged that plaintiff was being held in custody without due process of law by his mother, Susan Fisher, as the result of certain visitation orders entered by the circuit court of Cook County in Robert and Susan's pending dissolution of marriage suit. The trial court dismissed the complaint pursuant to section 2—619(a)(3) of the Code of Civil Procedure (section 2—619(a)(3)) (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(3)), which provides for involuntary dismissal where there is another action pending between the same parties for the same cause. On appeal, plaintiff argues that the trial court abused its discretion in dismissing the action for *habeas corpus*.

We strike plaintiff's briefs, dismiss the appeal, and hold that the proceedings below were void and must be vacated. As a nonlawyer

who is not a party to this suit, Robert Blue may not represent plaintiff in this court and had no authority to do so at the trial level.

Robert Blue filed the complaint *pro se*. After the trial court dismissed the complaint under section 2—619(a)(3), Blue filed a notice of appeal, an appellant's brief and a reply brief, all *"pro se"* as "Father of Appellant." Approximately three weeks after the reply brief was filed, William L. Barr, Jr., an attorney, filed his motion for leave to appear as attorney for plaintiff. This court allowed the motion, and Barr entered his "additional appearance" for plaintiff.

██ ▊ One not duly authorized to practice law may not represent another in a court of law. (Ill. Rev. Stat. 1989, ch. 13, par. 1; *National Bank v. First Wisconsin National Bank* (1977), 53 Ill. App. 3d 482, 488-89.) Lay people may appear only in their "proper persons" (Ill. Rev. Stat. 1989, ch. 13, par. 11), *i.e.*, only on their own behalf. (*National Bank*, 53 Ill. App. 3d at 489.) A pleading signed by a person who is not licensed to practice law in this State is a nullity even if a duly licensed attorney subsequently appears in court. (*Fruin v. Northwestern Medical Faculty Foundation, Inc.* (1990), 194 Ill. App. 3d 1061, 1063.) Where one not licensed to practice law has instituted legal proceedings on behalf of another, the suit should be dismissed; if the suit has proceeded to judgment, the judgment is void and will be reversed. *Leonard v. Walsh* (1966), 73 Ill. App. 2d 45, 47.

██ That Robert Blue has labeled himself *"pro se"* does not bring this case within the right of a party to represent himself. Robert Blue is at most the "next friend" of the minor plaintiff. A next friend is not a party to a suit but represents the real party, who, as a minor, lacks the capacity to sue in his own name. *Severs v. Country Mutual Insurance Co.* (1982), 89 Ill. 2d 515, 520; *Clarke v. Chicago Title & Trust Co.* (1946), 393 Ill. 419, 430-31; *Hoare v. Harris* (1849), 11 Ill. 24, 25; 27 Ill. L. & Prac. *Minors* §71, at 54; §74, at 57 (1956).

██ Although we have found no published opinion from this State addressing this particular set of circumstances, we believe that the authority set out above compels the conclusion that one not authorized to practice law may not represent a minor in a court of record. We note that several Federal courts have addressed this precise issue and have held that the Federal right to self-representation does not allow a nonlawyer next friend to represent a minor. (See *Cheung v. Youth Orchestra Foundation of Buffalo, Inc.* (2d Cir. 1990), 906 F.2d 59; *Meeker v. Kercher* (10th Cir. 1986), 782 F.2d 153, 154; *Lawson v. Edwardsburg Public School* (W.D. Mich. 1990), 751 F. Supp. 1257, 1258-59.) The *Cheung* court explained that allowing a nonlawyer parent to sue in the name of his minor child without obtaining counsel

does not promote the interest in free choice that underlies the right of a party to self-representation. Furthermore, allowing those without proper legal training to represent minors undermines the full protection of the minors' legal rights and *"also invites abuse, as the present case may demonstrate."* (Emphasis added.) (*Cheung*, 906 F.2d at 61.) We agree fully with this reasoning.

As Robert Blue was neither authorized to bring this action *"pro se"* nor to file the briefs that he filed in connection with this appeal, we strike the briefs on appeal and hold that the proceedings below are void and of no effect. We therefore dismiss the appeal and vacate the judgment of the circuit court.

The appeal is dismissed, and the judgment of the circuit court of Lake County is vacated.

Appeal dismissed; judgment vacated.

GEIGER and NICKELS, JJ., concur.