No. 3-02-0511

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2003

DEBRA A. PRATT-HOLDAMPF, as ) Appeal from the Circuit Court

Special Administrator of the   ) of the 14
th
 Judicial Circuit,

Estate of Robert Guinn, ) Rock Island County, Illinois.

Deceased, )

 )

Plaintiff-Appellant, )

 )

 ) No. 00-L-29

 ) 

TRINITY MEDICAL CENTER and ) 

EMERGENCY CARE HOSPITAL )

ORGANIZATION, LTD., ) Honorable

 ) Martin E. Conway, Jr.,

Defendants-Appellees. ) Judge, Presiding. 

_________________________________________________________________

PRESIDING JUSTICE McDADE delivered the opinion of the court: _________________________________________________________________

Plaintiff, Debra A. Pratt-Holdampf, appeals from an order of dismissal with prejudice granted by the circuit court of Rock Island County to Trinity Medical Center and other defendants. Because plaintiff's original complaint was improperly dismissed, we reverse and remand.

FACTS

This appeal stems from events surrounding the death of Robert Guinn.  On January 18, 1998, Robert suffered a stroke.  He was taken to the emergency room at the Trinity Medical Center (Trinity) in Rock Island, Illinois, where he died hours later.  Surviving Robert were his wife, Mary Guinn, and three adult children, Debra A. Pratt-Holdampf, Denise R. Dreifurst and Jessica L. Guinn.  Following the subsequent death of Mary, the Whiteside County probate court appointed plaintiff as special administrator of Robert's estate.  Plaintiff was not an attorney licensed to practice law in Illinois or in any other jurisdiction.

Believing Robert's death may have been wrongfully caused by Trinity and its attending medical staff, plaintiff consulted with an attorney, Richard Dahl, who was licensed in Illinois but residing out of the state.  Pursuant to his instruction and his assurance that the complaint could always be amended by an attorney at a later date, plaintiff escaped the bar of the statute of limitations by filing, on February 8, 2000, a 
pro se
 complaint and statutorily required medical report alleging medical malpractice against Trinity and other defendants.  In her complaint, plaintiff alleged that defendants negligently delayed the diagnosis of Robert's medical condition and that the resulting delay in treatment caused his death.  Plaintiff further asserted that defendants were also negligent in failing to administer proper care, thereby effectively hastening Robert's death.  No summons issued at the time the complaint was filed and no defendant was then served.

Two months later, and prior to any response by defendants, an appearance was filed on plaintiff's behalf by Thomas Pastrnak, a licensed Illinois attorney.  Pastrnak caused the summons and complaint to be served on the defendants.  He later withdrew citing a conflict of interest.  In granting the motion to withdraw on July 17, 2000, the court ordered defendants to proceed with plaintiff 
pro se
 if she was unable to secure counsel within 21 days.  Supplemental appearances on behalf of plaintiff were filed by Dahl and other licensed Illinois attorneys.  It appears that plaintiff was represented by counsel at every stage of the proceedings, including service of process, subsequent to the initial filing.

Defendants had filed motions to dismiss and strike and addenda thereto from May through August 2000, but none had been ruled on.  On January 18, 2001, Trinity filed a supplemental motion pursuant to section 2-619 of the Illinois Code of Civil Procedure (735 ILCS 5/2-619 (West 2000)), requesting dismissal of plaintiff's complaint.  Other defendants joined in this motion.  In support, defendants relied on the newly decided case of 
Ratcliffe v. Apantaku
, 318 Ill. App. 3d 621, 742 N.E.2d 843 (2000), to argue for the first time that the original complaint filed by plaintiff, a nonattorney special administrator, was a nullity, and thus, no valid complaint had ever been filed.

Plaintiff responded that she filed the complaint not only as the special administrator but also on "behalf of herself and her two sisters." She also claimed to have made reasonable and diligent efforts to secure counsel to file the original complaint and noted that all subsequent pleadings were made by Illinois attorneys who had supplementally appeared and filed responses to the motions.

On May 10, 2001, following three changes of judge pursuant to plaintiff’s allegations of conflict, a hearing was held on defendants' motions.  The trial court determined that plaintiff, as the special administrator of decedent's estate, could not file a valid complaint for wrongful death because she was not an attorney.  Plaintiff's original complaint was found to be void
 ab initio
 and was dismissed without prejudice.  On May 31, in response to plaintiff's motion for leave to file an amended complaint and defendants' objections to the filing, the court modified its May 10 order to deny leave to file an 
amended
 complaint, but gave plaintiff leave to file a 
new
 complaint within 14 days.  This order also required issuance and service of summons.  

Also on May 31, plaintiff filed a memorandum in support of her motion to file the amended complaint, asserting that the original complaint had been filed in February 2000 but not served until April 2000, after attorney Pastrnak entered his appearance and effected the service without making any change to the existing complaint.  Plaintiff claimed that the attorney's actions constituted adoption and ratification, thereby validating the wrongful death action — if it had ever been invalid -- and eliminating the statutory concern that no attorney was involved.  Defendants responded to this assertion, but there was no ruling.  

On June 25, 2001, there was a hearing in which the court sought to clarify the various issues on the record. It found that plaintiff filed her 
pro se
 complaint in her capacity as special administrator of her father's estate and that complaint was, by law, a nullity and void 
ab initio
.  After reviewing the contents of the complaint, it further found that the complaint on behalf of plaintiff's sisters was also a nullity and void from the moment of its filing.  Those claims were dismissed without prejudice.  It also found that the action was brought by plaintiff in both her capacity as special administrator and individually.  It dismissed the individual claim without prejudice and granted leave to file an 
amended
 complaint.  Plaintiff filed her amended complaint that same day. The rulings made at the June 25 hearing were reduced to writing and a written order was filed on July 17, 2001, which permitted Pratt to amend the complaint within 30 days of June 26, 2001. 

Thereafter, defendants moved to dismiss the amended complaint which had been filed on June 25, claiming that it did not comply with the statute of limitations, challenging the physician's certificate of merit, and otherwise attacking the merits of the complaint.

In responding to the limitations challenge in these motions, plaintiff asserted that her June 25 amended complaint should, pursuant to section 2-616 of the Code of Civil Procedure (735 ILCS 5/2-616 (West 2000)), relate back to the original filing of February 8, 2000.  Defendant Trinity replied, attacking both the relation back argument and the sufficiency of the medical report, together with other assertions of pleading deficiencies.

On September 4, 2001, at a hearing on pending motions, the court reversed itself again, holding that it had erred in allowing plaintiff to amend because the original complaint was a nullity and the relation back statute presupposes an action that can be amended.  Consequently, the court ruled that the June 25 "amended complaint" should be treated as an original complaint filed on that date and decided the merit issues raised by defendants.  The order culminated in a decision that the June 25, 2001, amended/new complaint was dismissed and plaintiff was given until October 2, 2001, to file a new 
amended
 complaint with a new report of a reviewing health care professional in compliance with section 2-622 of the Code of Civil Procedure (735 ILCS 5/2-622(b) (West 2000)).  The decisions reached at this hearing were memorialized in the court's written order of October 4, 2001.

Also on October 4, plaintiff's lead counsel was allowed to withdraw pursuant to a motion filed in September and over the plaintiff's objection.  On October 9, Richard Dahl, plaintiff's local counsel, also sought leave to withdraw, reciting his lack of expertise to pursue the malpractice action without the involvement of lead counsel.  He also requested an extension of time for plaintiff to secure counsel competent to file the amended complaint and new medical certificate of merit.  Although he was initially denied leave to withdraw, the court reversed that decision but denied the extension of time.  On November 16, 2001, the same day that Dahl was allowed to withdraw, the court granted defendants' motions for a final order, dismissing plaintiff's amended/new complaint filed June 25, 2001, with prejudice.

On December 13, 2001, attorney Stayart entered his appearance for plaintiff and, on December 17, moved to vacate the judgment, for leave to file an amended complaint, and for reconsideration.  Defendants resisted the motion and, on June 19, 2002, arguments on plaintiff's motion were heard by the newly assigned judge on the case.  The motion was denied and plaintiff timely appealed.

ANALYSIS

The sole issue raised by plaintiff on appeal is whether the trial court's dismissal of the complaint was justified based on the fact that it was improper for plaintiff, a 
pro se
 litigant, to represent her deceased father's estate in a wrongful death action. This is a question of law, which we review 
de novo
. 
See 
Woods v. Cole
, 181 Ill. 2d 512, 516, 693 N.E.2d 333 (1998).
 
 In Illinois, it is well established that only persons duly admitted to practice law in this state may appear on behalf of other persons. 
Leonard v. Walsh
, 73 Ill. App. 2d 45, 220 N.E.2d 57 (1966); 
National Bank of Austin v. First Wisconsin National Bank of Milwaukee
, 53 Ill. App. 3d 482, 489, 368 N.E.2d 119 (1977); 
Marken Real Estate & Management Corp. v. Adams
, 56 Ill. App. 3d 426, 371 N.E.2d 1192 (1977). The normal effect of a person's unauthorized practice on behalf of a party is to require dismissal of the cause or to treat the particular actions taken by the representative as a nullity. 
Blue v. People
, 223 Ill. App. 3d 594, 585 N.E.2d 625 (1992). The purpose of the rule is to protect litigants against the mistakes of those ignorant of the law and the schemes of the unscrupulous, and to protect the court itself in the administration of its proceedings from those lacking requisite legal skills. 
City of Chicago v. Witvoet
, 12 Ill. App. 3d 654, 299 N.E.2d 128 (1973). Illinois courts have adhered to this general rule. 
Ratcliffe v. Apantaku
, 318 Ill. App. 3d 621, 742 N.E.2d 843 (2000);
 Berg v. Mid-America Industrial, Inc.
, 293 Ill. App. 3d 731, 688 N.E.2d 699 (1997).

However, this rule is not to be applied automatically whenever a person not licensed to practice in Illinois signs a pleading. Plaintiff correctly argues that 
Janiczek v. Dover Management Co.
, 134 Ill. App. 3d 543, 481 N.E.2d 25 (1985), establishes an express exception to the nullity rule.

In 
Janiczek
, the plaintiff retained an Illinois licensed attorney to handle a workers' compensation action and a personal injury claim. The attorney settled the workers' compensation action and subsequently was disbarred. He then filed the plaintiff's personal injury action, under the name of another attorney, without authorization to do so. Defendants then moved to dismiss the action, claiming plaintiff was represented by a nonattorney and, therefore, the complaint was null and void 
ab initio
. The circuit court granted the motion and dismissed

the case with prejudice. The appellate court reversed the dismissal, reasoning that dismissal of a layperson's claim under the unique circumstances of this case defeated the purpose of the rule, because the layperson's representative had been a licensed attorney when he was retained to render his services. 
Janiczek,
 134 Ill. App. 3d at 546, 481 N.E.2d
 at 26-27. The court explained:

"That rule is intended to protect litigants against the mistakes of the ignorant and the schemes of the unscrupulous and to protect the court itself in the administration of its proceedings from those lacking the requisite skills. [Citation.] But, we do not believe that either of these purposes is promoted by the dismissal of plaintiff's action. Not only would such a result clearly penalize an innocent party possessing a substantial personal injury claim, but it also would overlook the fact that the party did secure the services of a licensed attorney to represent him at trial." 
Janiczek
, 134 Ill. App. 3d at 546, 481 N.E.2d
 at
 27.

A similar observation was made by the Fourth District Appellate Court in 
McEvers v. Stout
, 218 Ill. App. 3d 469, 578 N.E.2d 321 (1991). The 
McEvers
 court allowed the plaintiffs to amend their medical malpractice complaint after the expiration of the statute of limitations where the original complaint was dismissed as a nullity because it was filed by an attorney not licensed to practice in Illinois. The court concluded that the nullity rule exacted too harsh a penalty on litigants: 

"Underlying our decision is the recognition that a nullity rule appears to punish the litigant rather than the offending attorney. This might be advisable, if we could legitimately assume that litigants are aware of the rules relating to the practice of law. Assuming such would be unreasonable." 
McEvers
, 218 Ill. App. 3d at 472, 578 N.E.2d at 322
.

Moreover, in 
Moushon v. Moushon
, 147 Ill. App. 3d 140, 497 N.E.2d 820 (1986), 
this court held that a judgment of foreclosure was not void because the complaint for foreclosure was filed by a lay agent of the corporate mortgagee and not by a licensed attorney. In 
Moushon
, the complaint for foreclosure was signed by the corporate mortgagee's president, who was not an attorney. Defendants in the foreclosure action contended that the judgment of foreclosure was void since the complaint was filed by a lay agent of the corporation and not by a licensed attorney. In rejecting this argument, we noted the complaint recited that the corporate mortgagee, "comes by its attorney, and the trial court record discloses that the corporation was represented by a licensed attorney at every stage of the proceeding." 
Moushon
, 147 Ill. App. 3d at 147, 497 N.E.2d at 825
. Thus, "[t]he signature of the president of the corporation on the complaint was not improper." 
Moushon
, 147 Ill. App. 3d at 147, 497 N.E.2d at 825
.

In light of this discussion of prior cases, we find the risks to individual clients and to the integrity of the legal system inherent in representation by a person who has never qualified to practice law are not present in the instant case.  Here, plaintiff had consciously chosen to be represented by an attorney before the filing of the complaint. She made reasonable and diligent efforts to secure the participation of Richard Dahl, a licensed Illinois attorney. He advised her: (1) to locate a qualified doctor, who could prepare the requisite report to support a malpractice complaint, and (2) to sign and file the complaint. He specifically told her that the complaint could be amended once he returned to Illinois and entered his appearance.  Furthermore, the failure of plaintiff's attorney to sign the initial complaint bore no meaningful relation to plaintiff's ability to represent her father's estate. We believe that the rule of allowing only persons duly admitted to practice law in this state to appear on behalf of other persons is fairly and effectively served by an order that reinstates plaintiff's complaint.  

Finally, cases cited by defendants are distinguishable in significant ways. In 
Ratcliffe v. Apantaku
, 318 Ill. App. 3d 621, 742 N.E.2d 843 (2000)
,
 the plaintiff, acting 
pro se
 and prior to her appointment as special administrator, brought a wrongful death and survival action on behalf of her deceased mother alleging numerous acts of medical negligence against her mother's treating physicians. The plaintiff had never retained an attorney at the trial level and continued to act 
pro se
 on appeal. The petition for the trial court to appoint counsel on her behalf was properly dismissed. 
Ratcliffe
, 318 Ill. App. 3d at 623, 627, 742 N.E.2d at 844, 847. 

In 
Blue v. People
, 223 Ill. App. 3d 594, 585 N.E.2d 625 (1992)
, a 
pro se
 plaintiff filed a complaint for an order of 
habeas corpus
 in the name of his minor child alleging that the child was being held in his mother's custody in violation of due process of law.  The plaintiff did not retain an attorney until approximately three weeks after his 
appellate
 reply brief was filed
. Blue
, 223 Ill. App. 3d at 596, 585 N.E.2d at 625-26. 

In 
Waite v. Carpenter
, 1 Neb. App. 321, 496 N.W.2d 1 (1992), the Nebraska Court of Appeals held that a personal representative was acting in a representative capacity for the estate and could not proceed 
pro se
 in a wrongful-death action.  The 
Waite
 plaintiff retained a Nebraska counsel to appear solely for purposes of contesting a summary judgment hearing rather than entering a general appearance as counsel in the cases. 
Waite
, 1 Neb. App. at 324, 496 N.W. 2d at 3. 

Unlike the situations in 
Ratcliffe
, 
Blue
 and 
Waite
, plaintiff in the instant case has been represented by counsel at every stage of the proceeding since the filing of her complaint. 

We find that dismissal of plaintiff's claims with prejudice on this basis was improper.  We reverse that decision.

That does not, however, answer all of the relevant questions because the claims were also dismissed for plaintiff's failure to comply with the requirements for a certificate of medical merit imposed by section 2-622 of the Illinois Code of Civil Procedure (735 ILCS 5/2-622 (West 2000)).

Plaintiff had been directed by the court to file a complaint to amend the amended complaint filed June 25, 2001, which the court had now characterized as the new "original" complaint.  She was ordered on September 4
 by oral ruling to file that amended complaint to cure 
substantive
 deficiencies by October 2, 2001.  That ruling was not reduced to writing until October 4, 2001 — two days after the amended complaint was due.

In the time between September 4 and October 2, plaintiff's lead attorney, Ian Alexander, sought leave to withdraw.  Over plaintiff's objection, he was granted that leave on the same day the written order was entered — October 4, 2001.  He had not filed the amended complaint on October 2, nor, absent a written order, was he obligated to have done so.  When the preparation of a written order is contemplated, oral rulings are not effective until its entry. 
People v. Rymut
, 216 Ill. App. 3d 920, 576 N.E.2d 1208 (1991); 134 Ill. 2d R. 271.  When the order was entered on October 4, it required plaintiff to do the impossible — to file an amended complaint two days prior to its entry.  We have found nothing in the record setting a new filing date.

On October 9, plaintiff's local counsel, Richard Dahl, also sought leave to withdraw, asserting his lack of expertise to pursue a medical malpractice action without experienced lead counsel.  At that time, he also asked for an extension of time to permit plaintiff to find counsel competent to file a proper malpractice complaint and certificate of medical merit.  This motion was initially denied but, on November 16, Dahl was allowed to withdraw; however, no extension of time was granted.  On that same day the court entered a final order dismissing plaintiff's claims with prejudice.

Plaintiff's new counsel entered his appearance on December 13, 2001, and four days later, tendered an amended complaint with a motion to vacate the judgment, for reconsideration of the matter, and for leave to file an amended complaint.  The newly assigned fifth judge on the case had a hearing on the motions and denied them.

We believe that, in the circumstances of procedural confusion described by the parties and documented by the record, it is fundamentally unjust to hold plaintiff foreclosed from an opportunity to file an amended complaint that relates back to the original complaint filed by plaintiff on February 8, 2000, and adopted and served by counsel in April 2000.

CONCLUSION

Accordingly, we find that, under the facts of this case, the trial court erred in finding plaintiff's complaint to be a nullity that could not be amended and further erred in not setting a date capable of being complied with for filing an amended complaint.  The order of the circuit court of Rock Island County is reversed and remanded for proceedings consistent with this opinion.

Reversed and remanded.

SLATER, J., concurs. 

HOLDRIDGE, J., dissents. 

JUSTICE HOLDRIDGE, dissenting:

The majority accurately states that only licensed attorneys can represent other persons in legal actions, and that unauthorized legal practice requires dismissal of a cause.  See 
Ratcliffe v. Apantaku
, 318 Ill. App. 3d 621 (2000); 
Leonard v. Walsh
, 73 Ill. App. 2d 45 (1966); 
Blue v. People
, 223 Ill. App. 3d 594 (1992).  However, I believe the majority errs in finding an exception to this rule under the instant facts.  I thus respectfully dissent.

The majority relies on three cases to construct its exception, all of which are distinguishable.  In 
Janiczek v. Dover Management Co.
, 134 Ill. App. 3d 543 (1985), the plaintiff retained a licensed attorney who was later disbarred unbeknownst to the plaintiff.  In his disbarred state, the attorney filed a complaint which was later dismissed according to the above-stated rule.  “Given these unique circumstances” (
Janiczek
, 134 Ill. App. 3d at 546), the court held that dismissal with prejudice was an unduly harsh sanction against the plaintiff, who never consciously chose to be represented by a lay person.  Thus, an exception to the general rule was appropriate.  In 
McEvers v. Stout
, 218 Ill. App. 3d 469, 472 (1991) (involving an attorney licensed in Wisconsin but not Illinois), the court elucidated the rationale for this exception by stating: “a nullity rule appears to punish the litigant rather than the offending attorney.”

Unlike 
Janiczek
 and 
McEvers
, the instant case does not involve a complaint filed by an unlicensed attorney for an unwitting client.  Since Pratt-Holdampf prepared and filed her own complaint, she could not possibly claim that she thought the person initiating the suit was duly licensed.  Accordingly, the unique circumstances mentioned above are not present.  Without such circumstances, as the 
Janiczek
 court noted, the general rule of dismissal applies “even where the lay agent merely files the complaint over his own signature, and all subsequent court appearances are made by a duly licensed attorney.”  
Janiczek
, 134 Ill. App. 3d at 545.  This is apparently what happened in the instant case.

Neither is the decision in 
Moushon v. Moushon
, 147 Ill. App. 3d 140 (1986), availing to Pratt-Holdampf.  In that case, a corporation’s complaint (signed by its president, a non-attorney) survived because it stated that the corporation “c[ame] by its attorney.”  
Moushon
, 147 Ill. App. 3d at 147.  The instant complaint, on the other hand, was prepared, signed, and filed by a non-attorney.  The 
Moushon
 court distinguished this situation when making its decision.

The cases cited by the majority simply do not justify a departure from the well-established rule that non-attorneys cannot represent other parties in court.  Accordingly, I dissent.