# Illinois Official Reports

## Appellate Court

---

### *Castaneda v. Ingram*, 2018 IL App (1st) 170065

---

| | |
|---|---|
| Appellate Court Caption | ROSA CASTANEDA, as Independent Administrator of the Estate of Rufino H. Sanchez, Deceased; and JESUS SANCHEZ, as Special Administrator of the Estate of Rufino H. Sanchez, Deceased, Plaintiffs, v. WILLIAM INGRAM and M&M TRANSPORT SERVICES, INC., Defendants-Appellees (Rosa Castaneda, Plaintiff-Appellant). |
| District & No. | First District, Fifth Division<br>Docket No. 1-17-0065 |
| Filed<br>Rehearing denied | March 16, 2018<br>May 17, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 13-L-5241; the Hon. James P. McCarthy, Judge, presiding. |
| Judgment | Appeal dismissed. |
| Counsel on Appeal | Dean J. Caras, of Caras Law Group, of Chicago, for appellant.<br><br>James P. McCarthy and Patricia M. Kelly, of Gunty & McCarthy, and Paul V. Esposito and Melinda S. Kollross, of Clausen Miller P.C., both of Chicago, for appellees. |

| Panel | JUSTICE HALL delivered the judgment of the court, with opinion. Justices Lampkin and Rochford concurred in the judgment and opinion. |
| --- | --- |

**OPINION**

¶ 1     This is an appeal from a circuit court order denying a posttrial motion for a new trial on a survival claim following an unfavorable jury verdict on the estate's survival action brought against defendants William Ingram and M&M Transport Services, Inc., pursuant to the Survival Act (755 ILCS 5/27-6 (West 2012)). The survival claim arose out of a fatal rear-end collision where a truck driven by Ingram crashed into the rear end of an SUV driven by decedent, while the SUV was stopped in traffic.

¶ 2     The appeal raises a number of arguments seeking to show that the circuit court erred in denying the motion for a new trial on the survival claim. However, for the reasons that follow, we find that we lack jurisdiction over this appeal and dismiss it.

                                        BACKGROUND

¶ 3

¶ 4     On May 20, 2013, the decedent's son, Jesus Sanchez, as special administrator of his father's estate, filed suit against defendants in the law division of the circuit court of Cook County, seeking relief under the Wrongful Death Act (740 ILCS 180/0.01 *et seq.* (West 2012)) and the Survival Act (755 ILCS 5/27-6 (West 2012)) (case No. 2013 L 5241). Sanchez had not yet opened a probate estate, and the law division appointed him special administrator. Defendants initially denied liability, but on June 16, 2016, they admitted liability and agreed to try the case on damages only.

¶ 5     In July 2016, a probate estate for the decedent was opened (case No. 2016 P 4266), and on July 14, 2016, Rosa Castaneda was appointed independent administrator of the estate to prosecute the survival claim.[1] Sanchez prosecuted the wrongful death claim as special administrator.[2]

---

[1]"[O]nly the administrator or executor of a decedent's estate, and not the decedent's survivors, can maintain an action on behalf of the decedent under the Survival Act." *Wilmere v. Stibolt*, 152 Ill. App. 3d 642, 646 (1987); *Cushing v. Greyhound Lines, Inc.*, 2012 IL App (1st) 100768, ¶ 100. And "a person does not have standing to bring a survival claim until he is appointed as executor or administrator of the decedent's estate under the Illinois Probate Act." See *Hollowell v. St. Clair County Jail*, No. 13-cv-00744-JPG, 2013 WL 4478871, at *1 (S.D. Ill. Aug. 20, 2013) (citing section 9-4 of the Probate Act of 1975 (755 ILCS 5/9-4 (West 2010))).

[2]Section 2.1 of the Wrongful Death Act (740 ILCS 180/2.1 (West 2012)) authorizes a circuit court to appoint a special administrator for purposes of prosecuting a wrongful death claim, if a probate estate has not been opened. See *Cushing*, 2012 IL App (1st) 100768, ¶ 104; *Brooks v. McLean County Unit District No. 5*, 2014 IL App (4th) 130503, ¶ 17; see also *Baez v. Rosenberg*, 409 Ill. App. 3d 525, 533 (2011) ("the plain terms of section 2.1 of the Wrongful Death Act do not permit, in situations involving the absence of letters of administration, a special administrator to prosecute a wrongful death claim with other causes of action").

¶ 6     On July 26, 2016, a jury returned a verdict in favor of estate on the wrongful death action, but returned a verdict in favor of defendants on the survival claim. The circuit court law division entered judgments on the jury verdicts.

¶ 7     Castaneda died on August 15, 2016, before the filing of any posttrial motions. On August 24, 2016, Castaneda's attorney filed a posttrial motion in her name, as independent administrator, requesting a new trial on the survival claim. However, the attorney failed to report Castaneda's death to the circuit court of the law division or to defendants. On December 6, 2016, the circuit court denied the posttrial motion.

¶ 8     On January 5, 2017, Castaneda's attorney filed a notice of appeal in her name as independent administrator, asking our court to reverse the circuit court's order of December 6, 2016. Once again, Castaneda's attorney failed to report her death to the circuit court of the law division or to defendants.

¶ 9     On January 17, 2017, after the due date for the notice of appeal expired, Sanchez moved in probate court to be appointed successor independent administrator of the decedent's estate. The probate court granted the motion on January 25, 2017. On April 26, 2017, defendants filed a motion to dismiss the appeal for lack of appellate jurisdiction. On May 10, 2017, a motion judge from this court denied the motion to dismiss, without explanation. This appeal followed.

¶ 10                                    ANALYSIS

¶ 11    As an initial and dispositive matter, and contrary to appellant's contentions, we agree with defendants that we lack jurisdiction to review the circuit court's order of December 6, 2016, denying the posttrial motion for a new trial on the survival claim. Appellant contends that the notice of appeal filed on January 5, 2017, was sufficient to vest our court with jurisdiction to consider the circuit court's order. Appellant asserts that the notice of appeal was timely, that it was valid because it apprised defendants of the judgment that was being appealed, and that, therefore, the notice was sufficient to vest our court with jurisdiction to consider the circuit court's order. We must disagree.

¶ 12    We find that the notice of appeal is a nullity and confers no jurisdiction on our court. Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) provides that the filing of a notice of appeal is jurisdictional. *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). At the time the notice of appeal was filed on January 5, 2017, Castaneda, the independent administrator, had been dead for approximately four months.

¶ 13    The attorney's representation of Castaneda during her lifetime did not give him the authority to act on behalf of the estate following her death. An estate is not a natural or artificial person and it lacks the legal capacity to sue or be sued. Therefore, any action must be brought by the executor or representative of the estate. *Mareskas-Palcek v. Schwartz, Wolf & Bernstein, LLP*, 2017 IL App (1st) 162746, ¶ 32. The death of Castaneda, the independent administrator, terminated the authority of the attorney to act further on behalf of the estate. See, *e.g.*, *In re Estate of Simmons*, 362 Ill. App. 3d 944, 946 (2005) ("the attorney-client relationship terminates on the death of the client, and thereafter, the attorney must obtain authorization from the decedent's personal representative in order to pursue the interests of the decedent").

¶ 14    The notice of appeal filed by the attorney on January 5, 2017, was a nullity and conferred no jurisdiction on this court to review the judgment of the circuit court. Castaneda's death

terminated the attorney-client relationship. At the time the notice of appeal was filed, the attorney had not filed a motion to substitute Sanchez as administrator of the estate in place of Castaneda pursuant to section 2-1008(a) of the Code of Civil Procedure (735 ILCS 5/2-1008(a) (West 2014)) or under Illinois Supreme Court Rule 366(a)(2) (eff. Feb. 1, 1994).[3]

¶ 15    As a result, we find that we lack jurisdiction to review the circuit court's order of December 6, 2016, denying the posttrial motion for a new trial on the survival claim.

¶ 16    For the foregoing reasons, this appeal is dismissed.

¶ 17    Appeal dismissed.

---

[3]Section 2-1008(a) provides in part that, after a substitution of a party, the cause or proceeding carries on "with or without a change in the title of the cause." 735 ILCS 5/2-1008(a) (West 2014). Illinois Supreme Court Rule 366(a)(2) (eff. Feb. 1, 1994) allows for substitution of parties by reason of death.