2023 IL App (1st) 220203-U

No. 1-22-0203

Order filed May 24, 2023

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| SONJA BERTRAND, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 19 M1 114698 |
| | ) | |
| MITCH GUNDOGDU, | ) | Honorable |
| | ) | John A. Simon, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE D.B. WALKER delivered the judgment of the court.
Presiding Justice McBride and Justice Reyes concurred in the judgment.

**ORDER**

¶ 1     *Held*:  We dismiss the appeal filed by a *pro se* appellant on behalf of plaintiff, who is deceased, as appellant is not licensed to practice law, appellant's durable power of attorney ceased at plaintiff's death, and appellant lacks standing.

¶ 2     On January 5, 2022, the circuit court entered a judgment against plaintiff Sonja Bertrand, denying her motion to vacate judgment on an arbitration award in favor of defendant Mitch Gundogdu. Plaintiff then passed away. Maricarr Stubbs, to whom plaintiff had granted a durable power of attorney, filed a motion for leave to file a late notice of appeal and pursues this appeal on

plaintiff's behalf. As Stubbs lacks authority to represent plaintiff's interests or standing to appeal the judgment against plaintiff, we dismiss.

¶ 3    The record on appeal lacks a report of proceedings. We take the following background from the common law record.

¶ 4    The record shows that, on May 6, 2019, plaintiff filed a *pro se* complaint against defendant, her landlord, seeking $30,000. She raised three claims: (1) personal injury, allegedly stemming from a slip-and-fall on defendant's property; (2) breach of contract, alleging defendant agreed to perform renovations but never did; and (3) fraud, alleging defendant took $9300 in advance rent payments but then evicted her.

¶ 5    The case was transferred to mandatory arbitration. On October 19, 2021, following an arbitration hearing, the arbitration panel filed an award for defendant and against plaintiff. On November 23, 2021, plaintiff filed a notice of rejection of the arbitration award. On November 30, 2021, the circuit court entered a $0 judgment in favor of defendant and against plaintiff on the arbitration award.

¶ 6    On December 21, 2021, plaintiff filed a request for a jury trial, stating she disagreed with the arbitrators' findings. On January 5, 2022, the court entered an order denying her "Motion to Vacate Judgement" on the arbitration award order of November 30, 2021, as she had failed to file a rejection of the award within 30 days of its filing.[1]

¶ 7    On February 1, 2022, plaintiff filed an untitled motion in the circuit court. She wrote:

---

[1] A party wishing to reject an arbitration award must file a notice of rejection with the clerk of court within 30 days after the filing of the award. Ill. S. Ct. R. 93(a) (eff. Oct. 1, 2021); *Stemple v. Pickerill*, 377 Ill. App. 3d 788, 791-92 (2007).

"I am submiting [*sic*] this motion in order to appeal the judge's decision. On Jan. 5, 2022 I had a court date and I talked to the judge asking for a jury trial for my case. The judge said I was suppose [*sic*] to do my rejection of award and motion to go to a judge and jury trial by November 30, 2021. The judge denied my request saying it was too late. Also, the judge gave me until Feb 5, 2022 to fight against the decision and get another court date. I still want a judge and jury trial for my case and filling [*sic*] out this motion to get a new decision from the judge."

¶ 8    The case summary included in the record on appeal indicates that the court held a hearing on plaintiff's motion on February 16, 2022. The court allowed a motion to "Strike Or Withdraw Motion or Petition."[2]

¶ 9    Also on February 16, 2022, this court received a motion for leave to file a late notice of appeal. The motion was signed by Stubbs, who explained: plaintiff had passed away, Stubbs was plaintiff's power of attorney and plaintiff wanted her "to handle her legal affairs," and plaintiff's daughter consented to Stubbs continuing plaintiff's case.[3] Stubbs attached to the motion a notice of appeal signed by plaintiff, which identifies the January 5, 2022 order as the judgment to be appealed and indicates plaintiff mailed the notice to defendant's counsel on February 1, 2022.

---

[2] Neither the motion to strike or withdraw nor the court's order are included in the record on appeal.

[3] The motion for leave to file a late notice of appeal indicates Stubbs may have been appearing for plaintiff in court. In the motion, Stubbs wrote, in the first person, that she had had court dates on January 5, 2022, and February 16, 2022, had turned in a motion, and was told that she had to appeal if she wanted a trial. The record on appeal indicates that Stubbs was present during arbitration and trial court proceedings, but does not reflect in what capacity. The arbitration award stated she was present during the arbitration hearing. In a November 29, 2021 order denying an application for a waiver of court fees—the order does not provide the applicant's name—the court wrote: "Unable to verify the identity of the proffered power of attorney. Please come back with proper identification."

¶ 10    Stubbs also attached a notarized "Durable Power of Attorney" dated November 28, 2021. Therein, plaintiff appointed Stubbs her agent and granted her authority to "care for, manage, control, and handle all of [her] business, financial, property and personal affairs *** to the extent that [she was] permitted by law to act through such a representative." Certain powers were enumerated, including:

> "To commence, prosecute, discontinue, or defend all actions or other legal proceedings touching [plaintiff's] property, real or personal, or any part thereof, or touching any matter in which [plaintiff] or [plaintiff's] property, real or personal, may be in any way concerned. To defend, settle, adjust, make allowances, compound, submit to arbitration, and compromise all accounts, reckonings, claims and demands whatsoever that now are, or hereafter shall be, pending between me and any person, firm, corporation, or other legal entity, in such manner and in all respects as my Agent shall deem proper."

The document further provides that the durable power of attorney "shall not be affected by the subsequent incapacity of the Principal except as provided by statute in the State of Illinois." It also provides that plaintiff's subsequent death "shall not revoke or terminate the agency granted herein as to my Agent who, without actual knowledge of my death, acts in good faith under this Durable Power of Attorney. Any action so taken, unless otherwise invalid or unenforceable, shall bind my successors in interest."

¶ 11    On February 25, 2022, this court allowed the motion for leave to file the late notice of appeal.

¶ 12    Stubbs subsequently filed a *pro se* appellant's brief that states plaintiff passed away on February 4, 2022. Plaintiff's children encouraged Stubbs to continue the case, and Stubbs filed the

brief "to finish what Sonja started." In the brief, Stubbs argues the circuit court erred in failing to consider (1) evidence plaintiff submitted in discovery showing defendant's fraud, (2) the damages to plaintiff's apartment that defendant failed to repair, and (3) the accident where plaintiff fell on defendant's property, alleging that defendant did not have insurance or pay her medical bills.

¶ 13    On November 15, 2022, this court entered an order taking the case on the record and the appellant's brief only, as defendant did not file a response brief within the time provided in Supreme Court Rule 343(a). See Ill. S. Ct. R. 343(a) (eff. July 1, 2008) (appellee has 35 days from the due date of the appellant's brief to file a response brief); see also *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 130-33 (1976) (setting forth principles for the disposition of appeals where appellees have not filed a brief).

¶ 14    Nevertheless, we conclude we must dismiss this appeal because Stubbs had no authority to appeal on plaintiff's behalf and lacks standing to appeal on her own behalf.

¶ 15    Stubbs filed the motion for leave to file a late notice of appeal and opening brief on plaintiff's behalf *pro se*. She does not claim to be licensed to practice law. Indeed, only a person authorized to practice law can represent another in a court of law. 705 ILCS 205/1 (West 2020); *In re Estate of Mattson*, 2019 IL App (1st) 180805, ¶ 6. This rule includes a non-attorney seeking to personally represent the legal interests of an estate. *Mattson*, 2019 IL App (1st) 180805, ¶ 6. A *pro se* litigant can represent her own interests but not the legal interests of another individual or a decedent's estate. *Id.* Thus, as a non-attorney, Stubbs may not represent the legal interests of plaintiff or plaintiff's estate. *Id.*; *Blue v. People*, 223 Ill. App. 3d 594, 596 (1992) ("Lay people may appear only *** on their own behalf.").

¶ 16 Stubbs purports to appeal on plaintiff's behalf on the basis that plaintiff granted Stubbs her durable power of attorney and that plaintiff's children consented to Stubbs continuing plaintiff's case. The power-of-attorney document states that it grants Stubbs the authority to, *inter alia*, "commence, prosecute, discontinue, or defend all actions or other legal proceedings touching" plaintiff's interests. It granted Stubbs the authority to manage, control, and handle plaintiff's "business, financial, property and personal affairs *** to the extent *** permitted by law." But the Illinois Durable Power of Attorney Law (755 ILCS 45/2-1 *et seq.* (West 2020)) does not provide that an appointed agent, who is an "attorney-in-fact," may represent the principal as an attorney at law if the agent is not licensed to practice law. See 755 ILCS 45/2-1, 2-3(b) (West 2020) (power-of-attorney permits appointment of agent to make "property, financial, personal, and health care decisions"; agent is the principal's "attorney-in-fact or other person designated to act for the principal"); see also 705 ILCS 205/1 (West 2020) (no person shall be permitted to practice "as an attorney or counselor at law" without obtaining a license).

¶ 17 Moreover, Illinois law provides that a durable power of attorney ends at the principal's death, unless it "states an earlier termination date." 755 ILCS 45/2-5 (West 2020); *In re Guardianship of Mabry*, 281 Ill. App. 3d 76, 83 (1996). Indeed, the General Assembly provided that the purpose of the Durable Power of Attorney Law was to empower an appointed agent to act "throughout the principal's *lifetime*." (Emphasis added.) 755 ILCS 45/2-1 (West 2020); see also 755 ILCS 45/2-8(a) (on request from a person relying on a document purporting to establish an agency, the agent will furnish an affidavit or certification stating, *inter alia*, that to the agent's best knowledge the principal is alive). Accordingly, any authority that Stubbs had to commence or continue litigation on plaintiff's behalf terminated at plaintiff's death.

¶ 18    We note that the document in which plaintiff granted Stubbs her durable power of attorney expressly provides that the durable power of attorney would not be affected by plaintiff's subsequent incapacity "except as provided by statute in the State of Illinois." Here, those statutes provide that Stubbs' representation terminated upon plaintiff's death. 755 ILCS 45/2-1, 2-5 (West 2020).

¶ 19    The document also provides that plaintiff's subsequent death would not revoke or terminate the agency granted to Stubbs where Stubbs, "without actual knowledge of my death, acts in good faith under this Durable Power of Attorney." But as the motion for leave to file a late notice of appeal clearly shows, Stubbs was aware of plaintiff's death when she filed the motion.

¶ 20    Thus, Stubbs lacks authority to appeal on plaintiff's behalf as she is not licensed to practice law and her durable power of attorney ceased with plaintiff's death. Stubbs' motion for leave to file a late notice of appeal and appellant's brief are therefore nullities. *Blue*, 223 Ill. App. 3d at 596 (a pleading signed by a person unauthorized to practice law is a nullity). We may dismiss the appeal on that basis. See *id.* at 597 (dismissing appeal pursued by *pro se* litigant on behalf of another); see also *Castaneda v. Ingram*, 2018 IL App (1st) 170065, ¶¶ 12-16 (notice of appeal filed by attorney on behalf of deceased client was a nullity and failed to confer jurisdiction; appeal dismissed for lack of jurisdiction).

¶ 21    We note that Stubbs lacks standing to appeal the judgment against plaintiff on Stubbs' own behalf. See *Odle v. Department of State Police*, 2015 IL App (5th) 140274, ¶ 23 (determining whether a party has standing to bring an appeal is part of this court's obligation to consider its own jurisdiction over a case *sua sponte*). The doctrine of standing ensures that issues are only raised by parties with a real interest in the outcome in the controversy, and that courts resolve actual

controversies rather than abstract questions or moot issues. *Knox v. Chicago Transit Authority*, 2018 IL App (1st) 162265, ¶ 20. A nonparty has standing to appeal a judgment where "she has a direct, immediate and substantial interest in the subject matter of the litigation which would be prejudiced by the judgment or benefit by its reversal." (Internal quotation marks omitted.) *Kissoon v. Vlcek*, 2022 IL App (1st) 210488, ¶ 57.

¶ 22     Stubbs was not a party in the trial court nor does she claim that her legal right was affected by the challenged judgment. She solely contends she filed the opening brief on plaintiff's behalf, "to finish what Sonja started," and the record bears this out. The claims Stubbs raises in the brief mirror the claims plaintiff raised below, which involved unrepaired damages to plaintiff's apartment, plaintiff's alleged personal injury, defendant's improper collection of payments from plaintiff, and defendant's eviction of plaintiff. Nothing in the record reflects that Stubbs has a direct, immediate, and substantial interest affected by the circuit court's judgment against plaintiff, and Stubbs does not claim otherwise. See *Nott v. Wolff*, 18 Ill. 2d 362, 366 (1960) (person's interest in suit must appear in the record or be alleged in points relied on for reversal).

¶ 23     We recognize that the trial court held a hearing on February 16, 2022, after plaintiff's death, and there may have been a discussion at that hearing that would affect our analysis of Stubbs' standing. However, Stubbs has failed to provide a transcript of that hearing, or any hearing, and as the appellant (acting for plaintiff) it was her burden to do so. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984) (it is the appellant's burden to provide a sufficiently complete record on appeal and reviewing court construes any doubts arising from the insufficiency of the record against the appellant). On the record before us, we conclude that Stubbs lacks standing to pursue this appeal.

¶ 24    In sum, Stubbs lacked authority to file the motion for leave to file a late notice of appeal and brief on plaintiff's behalf, and lacks standing to appeal on her own behalf. We therefore vacate our order granting permission to file a late notice of appeal as improvidently granted and strike that motion and Stubbs' brief. See *Blue*, 223 Ill. App. 3d at 596-97 (noting that pleadings signed by persons not licensed to practice law are nullities and striking briefs); see also *Castaneda*, 2018 IL App (1st) 170065, ¶¶ 12-14 (notice of appeal filed by attorney on behalf of deceased client was a nullity). We also dismiss the appeal. See *Blue*, 223 Ill. App. 3d at 597 (dismissing appeal filed by *pro se* litigant representing another's interests); see also *Castaneda*, 2018 IL App (1st) 170065, ¶¶ 14-16 (dismissing appeal for lack of jurisdiction where notice of appeal was a nullity); *People v. Bluett*, 166 Ill. App. 3d 593, 600 (1988) (dismissing appeal where nonparty-appellant lacked standing to appeal).

¶ 25    Appeal dismissed.