2023 IL App (1st) 220032

FIRST DISTRICT,
FIRST DIVISION
August 14, 2023

No. 1-22-0032

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 04 CR 20952 |
| | ) | |
| DONTRIUS WILSON, | ) | Honorable |
| | ) | Charles P. Burns, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE COGHLAN delivered the judgment of the court, with opinion.
Presiding Justice Lavin concurred in the judgment and opinion.
Justice Hyman dissented, with opinion.

## OPINION

¶ 1 Defendant Dontrius Wilson appeals from the denial of his motion for leave to file a successive postconviction petition. Following a jury trial, defendant was found guilty of first degree murder and sentenced to 75 years in prison. Defendant's conviction and sentence were upheld on direct appeal. *People v. Wilson*, 383 Ill. App. 3d 1146 (2008) (table) (unpublished order under Illinois Supreme Court Rule 23). Defendant's initial postconviction petition was dismissed and the dismissal affirmed on appeal. *People v. Wilson*, 405 Ill. App. 3d 1204 (2011) (table) (unpublished order under Illinois Supreme Court Rule 23). The trial court denied defendant leave to file a successive postconviction petition.

¶ 2 In October 2021, defendant's wife and power of attorney, Angela Barron-Wilson, signed and filed the following pleadings in defendant's name: leave to file a successive postconviction petition, a successive petition for postconviction relief, and a supporting affidavit from defendant.

On appeal, defendant alleges that "the power of attorney statute expressly authorizes [an] agent to institute [a] legal claim." As a nonlawyer, Barron-Wilson lacked authority to institute a legal action on behalf of anyone other than herself. The postconviction proceedings filed by Barron-Wilson are a nullity, and the judgment entered in the trial court is void. Accordingly, the judgment of the trial court is vacated, and this appeal is dismissed.

¶ 3                                    BACKGROUND

¶ 4        Defendant was charged with the murder of Gregory Lowe and attempted first degree murder of four other individuals following a shooting on August 1, 2004. After a jury trial, defendant was found guilty of first degree murder and of personally discharging a firearm that proximately caused Lowe's death. Defendant was sentenced to a total term of 75 years' imprisonment: 50 years for the murder with a 25-year firearm enhancement.

¶ 5        Defendant's conviction was affirmed on direct appeal. *People v. Wilson*, 383 Ill. App. 3d 1146 (2008) (table) (unpublished order under Illinois Supreme Court Rule 23).

¶ 6        In January 2009, defendant filed a postconviction petition, asserting several ineffective assistance of trial and appellate counsel claims. The postconviction petition was summarily dismissed at the first stage. This court affirmed the dismissal. *People v. Wilson*, 405 Ill. App. 3d 1204 (2011) (table) (unpublished order under Illinois Supreme Court Rule 23).

¶ 7        On August 17, 2020, defendant filed a motion for leave to file a successive petition for postconviction relief asserting (i) actual innocence based on newly discovered evidence and (ii) that he was unlawfully arrested pursuant to an investigative alert. The trial court denied leave to file the petition for failure to satisfy the cause and prejudice requirements. Defendant's notice of appeal was stricken for untimeliness on January 29, 2021.

¶ 8        On May 27, 2021, Barron-Wilson filed a second successive postconviction petition on

defendant's behalf. Although Barron-Wilson is not a lawyer, she signed defendant's name on the petition along with her own initials.

¶ 9        On December 14, 2021, the trial court entered a written order denying leave to file the successive postconviction petition. On December 17, 2021, Barron-Wilson signed and filed a notice of appeal on defendant's behalf.

¶ 10                                            ANALYSIS

¶ 11        The State argues that defendant's pleadings are a "nullity" because the pleadings (including defendant's affidavit) were admittedly prepared, signed, and filed by a nonlawyer.

¶ 12        In Illinois, "[t]he power to regulate and define the practice of law is a prerogative of [our supreme court] under the Illinois Constitution." *King v. First Capital Financial Services Corp.*, 215 Ill. 2d 1, 12 (2005). This regulatory power has been codified in the Attorney Act. See 705 ILCS 205/1 (West 2020) ("No person shall be permitted to practice as an attorney or counselor at law within this State without having previously obtained a license for that purpose from the Supreme Court of this State."). "[M]inimum levels of education, training, and character" are required before receiving a license to practice law. *King*, 215 Ill. 2d at 12. The court closely regulates the practice of law in order to "protect the public from potential injury resulting from laypersons performing acts that require the training, knowledge, and responsibility of a licensed attorney." *Id.*

¶ 13        Pursuant to the *pro se* exception, a layperson who does not have the requisite legal training or law license may appear in court on his or her *own* behalf. 705 ILCS 205/11 (West 2020) ("Plaintiffs shall have the liberty of prosecuting, and defendants of defending in their proper persons."). The exception applies "to the preparation of documents in situations where the party preparing the legal documents does so for his or her *own benefit* in a transaction *to which the*

*preparer is a party*." (Emphases added.) *King*, 215 Ill. 2d at 14. It is well recognized that every criminal defendant has a constitutionally guaranteed right to self-representation. See U.S. Const., amend. VI; Ill. Const. 1970, art. I, § 8; *People v. Simpson*, 204 Ill. 2d 536, 573 (2001). In addition, "the Post-Conviction Hearing Act *** (725 ILCS 5/122-1 (West 2010)) itself establishes a right to proceed *pro se*." *People v. Gray*, 2013 IL App (1st) 101064, ¶ 21. Although the right of self-representation authorizes a person to appear on his or her own behalf, this privilege does not extend to representing others "unless he is admitted to the practice of law." *Janiczek v. Dover Management Co.*, 134 Ill. App. 3d 543, 545 (1985).

¶ 14        Generally, if an unlicensed person attempts to represent another party in a legal proceeding, the action should be dismissed; if the action proceeded to a judgment, then the judgment is void and treated as a nullity. *Applebaum v. Rush University Medical Center*, 231 Ill. 2d 429, 435 (2008); *Pratt-Holdampf v. Trinity Medical Center*, 338 Ill. App. 3d 1079, 1083 (2003); *Janiczek*, 134 Ill. App. 3d at 545. If a nonlawyer attempts to bring an action on behalf of another without obtaining the assistance of licensed counsel, the proceedings are void and have "no effect." *Blue v. People*, 223 Ill. App. 3d 594, 597 (1992). The nullity/voidness rule " 'is grounded in the fact that there are risks to individual clients and to the integrity of the legal system inherent in representation by an unlicensed person.' " *Applebaum*, 231 Ill. 2d at 435 (quoting *Ford Motor Credit Co. v. Sperry*, 214 Ill. 2d 371, 389-90 (2005)). As our dissenting colleague recognized in *In re Mattson*, 2019 IL App (1st) 180805, our supreme court has explained that "the purpose of the nullity—or voidness— rule—'is *** to protect litigants against the mistakes of the ignorant and the schemes of the unscrupulous and to protect the court itself in the administration of its proceedings from those lacking requisite skills.' " (Internal quotation marks omitted.) *Id.* ¶ 15 (Hyman, J., dissenting) (quoting *Applebaum*, 231 Ill. 2d at 435).

¶ 15    In this case, Barron-Wilson "sign[ed] and filed" a successive postconviction petition on defendant's behalf without the assistance of licensed counsel. The dissent claims that there is "an affidavit from a licensed attorney [that] describes his supervision of the preparation of the pleadings." *Infra* ¶ 40. A reading of attorney Larry Redmond's affidavit confirms that the dissent is mistaken. The record is devoid of any evidence that Redmond or any other attorney was involved in the preparation of the pleadings at issue in this case. In her affidavit, Barron-Wilson attested: "We have *contacted* Paralegal/Investigator Eugene Horton *** *requesting* his assistance." (Emphases added.) In his affidavit, Redmond attested that he is "the supervising attorney for the independent contractor Eugene Horton, a paralegal/investigator, and Nina Johnson-Horton, a former social worker/researcher/investigator, who work with [his] law firm and are doing legal business under [his] supervision as independent contractors." Redmond further attested that he relies on both of them in "*cases [he is] involved in.*" (Emphasis added.) Significantly, Redmond did not attest that he was "involved in" Wilson's case or that he supervised the preparation of Wilson's pleadings.

¶ 16    Barron-Wilson, "[a]s a nonlawyer who is not a party to this suit," had no authority to file this action. See, *e.g.*, *Blue*, 223 Ill. App. 3d at 595-96. Signing and filing the petition and affidavits on behalf of defendant constituted the unauthorized practice of law. The fact that Barron-Wilson labeled the pleading "*pro se*" "does not bring this case within the right of a party to represent himself." *Id.* at 596. Since defendant did not prepare and sign the petition on his own behalf, it is not a *pro se* filing.[1] The pleadings signed by Barron-Wilson, who is "not licensed to practice law in this State," are "a nullity" and have no legal effect. *Id.*

---

[1]We also note that defendant did not "verif[y] by affidavit" the postconviction petition, as required by the Post-Conviction Hearing Act. 725 ILCS 5/122-1(b) (West 2020).

¶ 17          For the same reasons, the notice of appeal that Barron-Wilson signed and filed in this case is void. See *People v. Vara*, 2018 IL 121823, ¶ 30 ("Where the appellate court has addressed the merits of a case over which it had no jurisdiction, we must vacate that court's judgment and dismiss the appeal."); *People v. Flowers*, 208 Ill. 2d 291, 308 (2003) ("If a court lacks jurisdiction, it cannot confer any relief, even from prior judgments that are void" because "[a]bsent jurisdiction, an order directed at the void judgment would itself be void and of no effect."). It follows that this court lacks jurisdiction to consider the merits of defendant's claims and the appeal must be dismissed.

¶ 18          Regarding defendant's argument that his wife was authorized to file pleadings on his behalf because she was his power of attorney, the Illinois Power of Attorney Act (755 ILCS 45/1-1 *et seq.* (West 2020)) does not permit a nonlawyer to practice law. The Power of Attorney Act only authorizes an individual to "appoint an agent to make property, financial, personal, and health care decisions" for him or her. *Id.* § 2-1. The "Statutory Short Form Power of Attorney for Property Law," executed by defendant in this case, authorized Barron-Wilson to act as defendant's agent in "dealing with [his] property and financial affairs." *Id.* §§ 3-1, 3-2. As defendant's agent, Barron-Wilson had the authority to act as his attorney-in-fact but not his attorney-in-law. *Id.* § 2-3(b).

¶ 19          Authorized agents may "*institute*, prosecute, defend, abandon, compromise, arbitrate, settle and dispose of any claim in favor of or against the principal." (Emphasis added.) *Id.* § 3-4(j). Defendant argues that preparing, signing, and filing a petition is how one "institute[s]" a successive postconviction petition. 725 ILCS 5/122-1(a), (f) (West 2020).

¶ 20          The Power of Attorney Act provides that an agent is authorized to "employ attorneys *** as necessary in connection with litigation." 755 ILCS 45/3-4(j) (West 2020). The Power of Attorney Act also provides that

"[t]he statutory short form power of attorney for property does not authorize the agent to appear in court or any tribunal as an attorney-at-law for the principal *or otherwise to engage in the practice of law without being a licensed attorney* who is authorized to practice law in Illinois under applicable Illinois Supreme Court Rules." (Emphasis added.) *Id.*

As defendant's power of attorney, his wife was entitled to make certain decisions for him, including obtaining the assistance of an attorney, but she was not authorized to sign and file a petition for postconviction relief or a notice of appeal on his behalf. In other words, Barron-Wilson was not authorized to act as defendant's attorney-at-law based on a statutory power of attorney. The dissent's theory that a nonattorney "exercising a power of attorney may initiate legal claims on behalf of the principal" is not supported by the plain language of the Power of Attorney Act. *Infra* ¶ 28.

¶ 21    We reject defendant's argument that vacating the trial court's judgment and dismissing this appeal will "defeat the ends of justice" and "thwart[ ] this Court's interests in judicial economy." Only the Illinois Supreme Court has the authority to regulate and define the practice of law. This court has no authority to grant a nonattorney the right to practice law based on the Power of Attorney Act. See *People ex rel. Chicago Bar Ass'n v. Goodman*, 366 Ill. 346, 349 (1937) ("The power to regulate and define the practice of law is a prerogative of the judicial department as one of the three divisions of the government created by article 3 of our constitution. The legislative department may pass acts declaring the unauthorized practice of law illegal and punishable. Such statutes are merely in aid of, and do not supersede or detract from, the power of the judicial department to control the practice of law."); see also *Perto v. Board of Review*, 274 Ill. App. 3d 485, 493 (1995) ("The legislature has no authority to grant a nonattorney the right to practice law ***.").

¶ 22    The postconviction petition filed by Barron-Wilson on defendant's behalf is a nullity. Therefore, the judgment entered below is void for lack of jurisdiction, and this court lacks jurisdiction to consider the claims raised on appeal.[2]

¶ 23                                    CONCLUSION

¶ 24    For the foregoing reasons, the judgment of the circuit court of Cook County is vacated, and the appeal is dismissed.

¶ 25    Judgment vacated.

¶ 26    Appeal dismissed.

¶ 27    JUSTICE HYMAN, dissenting:

¶ 28    Only attorneys may practice law. But nonattorneys exercising a power of attorney may initiate legal claims on behalf of the principal. Until today.

¶ 29    The majority has carved an exception to the Illinois Power of Attorney Act in postconviction proceedings, holding that Dontrius Wilson's wife, Angela Barron-Wilson, engaged in the unauthorized practice of law by exercising the authority granted to her under a valid power of attorney. As permitted by the power of attorney, Barron-Wilson signed Wilson's name to his successive postconviction pleadings and a notice of appeal and sent them for filing.

¶ 30    Not only does the majority misconstrue the facts, which establish that Barron-Wilson provided no legal advice and undertook no act requiring legal skill, but it misinterprets both the Illinois Power of Attorney Act and the rules on the unauthorized practice of law. In doing so, the majority erects systemic barriers to one of the law's most essential remedies: ensuring the innocent

_____

[2]The State filed a motion for summary disposition during the pendency of this appeal, which was taken with the case. In light of the issuance of this opinion, the motion for summary disposition is denied as moot.

do not suffer. *People v. Reed*, 2020 IL 124940, ¶ 32. Because the majority bars an incarcerated person seeking to present newly discovered evidence of innocence, I dissent.

¶ 31                                    Barron-Wilson Acted at Wilson's Direction

¶ 32        The majority defines the issue before us as whether Barron-Wilson lawfully prepared postconviction pleadings as a nonattorney. *Supra* ¶¶ 11-15. In analyzing Wilson's pleadings, the majority claims they "were *admittedly prepared*, signed, and filed" by a nonattorney, relying on the State's argument as support. (Emphasis added.) *Supra* ¶ 11. But nothing in the record supports that Barron-Wilson prepared the pleadings alone or that Wilson admitted she did.

¶ 33        Indeed, the record shows Barron-Wilson never acted on her own. She signed Wilson's name at his direction, added her initials in parentheses, and sent the pleadings for filing. Simply put, Wilson admitted that Barron-Wilson assisted him. At no point has Wilson argued that his wife as a nonattorney could have lawfully acted without his consent.

¶ 34        Properly construed, then, the actual issue is whether Barron-Wilson could exercise a valid power of attorney to sign Wilson's name and her initials and send for filing a successive postconviction pleading and a notice of appeal.

¶ 35                                    The Illinois Power of Attorney Act

¶ 36        The Illinois Power of Attorney Act gives Barron-Wilson the power to "institute, prosecute, defend, abandon, compromise, arbitrate, settle and dispose of any claim in favor of or against the principal." 755 ILCS 45/3-4(j) (West 2020). Before these proceedings, Wilson married Barron-Wilson (then-named Angela M. Barron) and delegated her power of attorney. The majority does not question the validity of the power of attorney. See *supra* ¶ 18. Rather, the majority reads into this statute an exception of its own creation, ignoring record facts undermining its assertions.

¶ 37     Without reasoned explanation or justification, the majority asserts that Barron-Wilson's actions were beyond the statute's scope and constituted the unauthorized practice of law. The majority does not question whether the Power of Attorney Act permits her to "institute *** any claim" on behalf of Wilson. See 755 ILCS 45/3-4(j) (West 2020). Instead, the majority declares that the Act mandates the result it reaches. End of inquiry. End of case. *Supra* ¶ 20.

¶ 38     But let us back up. A fair reading of the record shows Barron-Wilson did precisely what she had the power to do. "[A] petitioner seeking to *institute* a successive postconviction proceeding must first obtain 'leave of court.' " (Emphasis added.) *People v. Edwards*, 2012 IL 111711, ¶ 24 (quoting *People v. Tidwell*, 236 Ill. 2d 150, 157 (2010)). Here, Wilson sought to institute successive postconviction proceedings with Barron-Wilson performing nonlegal functions by signing her husband's name as permitted under the power of attorney and sending the papers for filing. See 725 ILCS 5/122-1(a), (f) (West 2020) (explaining how petitioners "may institute" successive proceedings under Post-Conviction Hearing Act); see also Ill. S. Ct. R. 651(d) (eff. July 1, 2017) ("The procedure for an appeal in a post-conviction proceeding shall be in accordance with the rules governing criminal appeals."); *People v. Lewis*, 234 Ill. 2d 32, 37 (2009) ("The timely filing of a notice of appeal is the only jurisdictional step required to initiate appellate review."). To say, as does the majority (*supra* ¶ 20), that Barron-Wilson improperly instituted these proceedings means legal secretaries and paralegals can no longer send pleadings to a court for filing because they too would be practicing law.

¶ 39     To reach its result, the majority makes two unfounded assumptions about the absence of Wilson's personal signature: (i) Wilson had no hand in preparing the pleadings or notice of appeal and (ii) Barron-Wilson acted without Wilson's consent. Both assumptions contravene record evidence and the plain language of the Illinois Power of Attorney Act.

¶ 40    An affidavit from Barron-Wilson thoroughly explains the extent of her involvement, and an affidavit from a licensed attorney describes his supervision of the preparation of the pleadings. Barron-Wilson asserted in her affidavit, "We have contacted Paralegal/Investigator Eugene Horton of 'To Seek and To Save' Assn., Inc.' *** requesting his assistance ***." The first page of the successive petition shows it was prepared "with the assistance of Eugene Horton." And attorney Larry Redmond states in his affidavit that he is "an attorney at law, authorized to practice law in the State of Illinois" and "the supervising attorney for the independent contractor Eugene Horton." See Ill. R. Prof'l Conduct (2010) R. 5.5 cmt. 3) (eff. Jan. 1, 2016) (lawyer may provide professional advice and instruction to nonlawyers whose employment requires knowledge of law); Ill. S. Ct. R. 137(e) (eff. Jan. 1, 2018) (attorney may assist self-represented person in drafting or reviewing pleading, motion, or other document without making general or limited scope appearance and without signing document).

¶ 41    To conclude Barron-Wilson practiced law, the majority attacks the final link in an unbroken chain of events beginning with petitioner Wilson, connecting Barron-Wilson and Horton, and ending with attorney Redmond. The majority scours the Redmond affidavit and concludes something must be missing. To wit, "Redmond did not attest that he was 'involved in' Wilson's case." *Supra* ¶ 15. Respectfully, the majority protests too much. Attorneys do not generally sign affidavits in cases sight unseen, and the majority offers no reason why we should presume Redmond did so. Likewise, not even the State questions the good faith of Barron-Wilson, so the majority may not (falsely) accuse her of sending Redmond's affidavit for filing without his consent. What is more, even if we assume Redmond's affidavit contains some formal defect, counsel for Wilson may cure that at the second stage of proceedings. See *People v. Allen*, 2015 IL 113135, ¶ 34 (noting, formal defect like lack of notarization provides no ground for summary

dismissal). Lastly, if the majority harbors some doubt about the veracity of Redmond's affidavit, the third stage of proceedings will permit the circuit court to resolve credibility issues. See *People v. Domagala*, 2013 IL 113688, ¶ 46 (circuit court weighs credibility at third stage).

¶ 42    Accordingly, the provisions of the Illinois Power of Attorney Act authorize Barron-Wilson to engage in the actions she took on Wilson's behalf.

¶ 43                                    The Nullity Rule

¶ 44    The majority invokes the nullity rule to dismiss Wilson's appeal and petition. Even assuming the nullity rule applies, Barron-Wilson's clerical acts do not compel its application.

¶ 45    A court should only impose the nullity rule after considering the factors in *Downtown Disposal Services, Inc. v. City of Chicago*, 2012 IL 112040, ¶ 31. There, our supreme court cautioned that "there is no automatic nullity rule." *Id.* In *Downtown Disposal*, the supreme court found a *per se* nullity rule unreasonable, holding sanctions for violating the rule against the unauthorized practice of law should be commensurate with the gravity of the violations' consequences. *Id.* ¶ 30.

> "[B]ecause the consequences of applying the nullity rule to a case can be harsh, it should be invoked only where it fulfills the purposes of protecting both the public and the integrity of the court system from the actions of the unlicensed, and where no other alternative remedy is possible." *Id.* ¶ 30 (citing *Applebaum v. Rush University Medical Center*, 231 Ill. 2d 429, 439 (2008)).

¶ 46    Under *Downtown Disposal*, a court must consider "whether the nonattorney's conduct is done without knowledge that the action was improper, whether the [party] acted diligently in correcting the mistake by obtaining counsel, whether the nonattorney's participation is minimal, and whether the participation results in prejudice to the opposing party." *Id.* ¶ 31.

¶ 47        In *Holloway v. Chicago Heart & Vascular Consultants, Ltd.*, 2017 IL App (1st) 160315, ¶ 26, we followed *Downtown Disposal*, finding the trial court erred when it applied the nullity rule to dismiss a *pro se* complaint, where the plaintiff filed her complaint for the limited purpose of timely preserving her legal rights. The *Holloway* court found that plaintiff acknowledged the limitations of her authority as a nonattorney and asserted she did not perform her actions in the general prosecution of the lawsuit. *Id.*

¶ 48        Review of the guidelines set out in *Downtown Disposal*, as applied in *Holloway*, weighs against imposing the nullity rule as punishment for Barron-Wilson's effort to expedite the filing process for her incarcerated husband.

¶ 49        First of all, at oral argument, the State acknowledged that Barron-Wilson served in good faith as Wilson's agent under the power of attorney, admitting Barron-Wilson was "obviously well intentioned" and "there is no allegation of nefarious or unscrupulous behavior whatsoever." Barron-Wilson carefully documented her power of attorney in the record and added her initials whenever she signed Wilson's name. Thus, she met the *Downtown Disposal* factor regarding "whether the nonattorney's conduct is done without knowledge that the action was improper." *Downtown Disposal*, 2012 IL 112040, ¶ 31.

¶ 50        Next, as a nonattorney, she had a properly executed power of attorney that allowed her to institute the proceedings by mailing the pleadings, some of which she signed. 755 ILCS 45/3-4(j) (West 2020). Any failings may be cured during the second stage, a stage designed for that exact purpose. See *People v. Spivey*, 2017 IL App (2d) 140941, ¶ 17 (defects in pleadings and supporting evidence may be fixed during second stage of postconviction proceedings). Third, Barron-Wilson's participation was nominal, involving no activity beyond signing her husband's name as authorized by the power of attorney and placing the pleadings for filing. Thus, she was only a

conduit. Finally, the State could not have been prejudiced, as the law bars the State from participating at this stage. See *People v. Bailey*, 2017 IL 121450, ¶ 20 ("[I]t is premature and improper for the State to provide input to the court before the court has granted a defendant's motion for leave to file a successive petition.").

¶ 51 Furthermore, the majority cites *Applebaum* for the proposition that, "[g]enerally, if an unlicensed person attempts to represent another party in a legal proceeding, the action should be dismissed; if the action proceeded to a judgment, then the judgment is void and treated as a nullity." *Supra ¶* 14 (citing *Applebaum*, 231 Ill. 2d at 435). But its reliance on *Applebaum* is misplaced. Barron-Wilson never attempted to represent Wilson. That is a fiction created by the State. Like *Downtown Disposal*, *Applebaum* confined the nullity rule to situations involving "the protection of the public and the integrity of the court system from the harm presented by representation by unlicensed individuals." *Applebaum*, 231 Ill. 2d at 446. As in *Downtown Disposal*, *Applebaum*, and *Holloway*, applying the nullity rule serves no remedial purpose here.

¶ 52 Equally important, unlike in a civil proceeding, the court must keep uppermost in its mind that persons claiming innocence under the Post-Conviction Hearing Act have been denied their liberty and the ability to conduct personal business freely. I believe the individual rights of petitioners deserve priority against the specter of some vague future risks from nonattorneys facilitating legal claims on behalf of principals.

¶ 53 Barron-Wilson did nothing more than sign and file Wilson's petition for leave to file and the notice of appeal. She asserted that she had sought the advice of Eugene Horton. And attorney Redmond attested that Horton was under his supervision. Dismissing this appeal and the underlying petition amounts to a disproportionately harsh result, as is the frivolous filing fee the trial court imposed. *Supra ¶¶* 4-9, 24-25.

¶ 54    In *Pratt-Holdampf v. Trinity Medical Center*, 338 Ill. App. 3d 1079, 1083-86 (2003), also cited by the majority, the trial court erred by finding the plaintiff's complaint a nullity that could not be amended and in not setting a suitable date for filing an amended complaint. The reviewing court noted that the risks to individual clients and the integrity of the legal system "inherent in representation by a person who has never qualified to practice law" were not present, particularly where plaintiff had sought the advice of counsel before filing *pro se* and counsel later appeared on her behalf. *Id.* at 1085. The court found it "fundamentally unjust to hold plaintiff foreclosed from an opportunity to file an amended complaint." *Id.* at 1087. The result here is surely no less unjust, particularly where Wilson petitioned under the Post-Conviction Hearing Act to litigate newly discovered evidence of his innocence.

¶ 55    To invoke the nullity rule in a postconviction case without applying the *Downtown Disposal* factors is antithetical to a fair justice system. While the State suffered no harm, Wilson must deal with systemic barriers to one of the law's most essential remedies. See *Reed*, 2020 IL 124940, ¶ 32. Because Wilson's harm continues until his petition is adjudicated, I dissent.

***People v. Wilson*, 2023 IL App (1st) 220032**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 04-CR-20952; the Hon. Charles P. Burns, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Douglas R. Hoff, and Jennifer L. Bontrager, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Enrique Abraham, Joseph Alexander, and Douglas P. Harvath, Assistant State's Attorneys, of counsel), for the People. |