2025 IL App (1st) 241564-U

No. 1-24-1564

Order filed May 27, 2025

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| *In re* MARRIAGE OF ANTOINETTE JAMEICA LEE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | Cook County. |
| | ) | |
| and | ) | No. 21 D 8586 |
| | ) | |
| STEVEN JERMAINE LEE, | ) | Honorable |
| | ) | D. Renee Jackson, |
| Respondent-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE FITZGERALD SMITH delivered the judgment of the court. Justices Lavin and Pucinski concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the judgment of the trial court as appellant has failed to furnish a sufficient record such that error can be determined.

¶ 2    Respondent Steven Jermaine Lee appeals *pro se* from the trial court's grant, following a trial, of petitioner Antoinette Jameica Lee's petition for dissolution of marriage. On appeal, respondent contends that the trial court erred by entering "summary judgment" in favor of

petitioner when the affidavits and depositions on file "created a challenge" to the court's "assumed jurisdiction, and was not proven, and due process was abrogated." We affirm.

¶ 3     The record on appeal does not contain a report of proceedings. The following facts are gleaned from the common law record.

¶ 4     Respondent and petitioner married on December 11, 1999. On October 4, 2021, petitioner filed, through counsel, a petition for dissolution of marriage.

¶ 5     Respondent appeared through counsel. The trial court granted counsel leave to withdraw on December 20, 2023.

¶ 6     On February 23, 2024, petitioner filed a motion for default, as respondent had not filed a *pro se* appearance or obtained new counsel.

¶ 7     On April 3, 2024, the trial court entered an order stating, relevant here, that respondent's failure to respond to the motion for default and to appear in the case may result in respondent being found in default.

¶ 8     On July 3, 2024, following a trial, the trial court entered a judgment for dissolution of marriage. The judgment found, relevant here, that petitioner appeared in court represented by counsel and that respondent failed to appear and was found in default. The judgment further stated that the court heard testimony and reviewed trial exhibits, pleadings, and prior orders, and, based upon the testimony and evidence presented at trial, granted petitioner's petition for dissolution of marriage.

¶ 9     On July 29, 2024, the "Moorish Science Temple of America, Religious Nation State, authorized representative and attorney in fact on behalf of Bro. S. Lee Bey (Steven Jermaine Lee Bey)" filed a motion to vacate the judgment for dissolution of marriage. The motion alleged, *inter*

*alia*, that respondent, the "Ex Relatione-party," was not Steven Jermaine Lee. The motion further alleged that a challenge to the court's jurisdiction was "entered into the court," but not addressed by the court and "apparently stricken from the record." The motion concluded that the "Ex Relatione-party" should be relieved of "summary judgment" because the court made "some clerical errors," notices were not entered into the record, and the evidence of "mistaken identity" was not addressed. This motion was signed by Prophet Noble Drew Ali, founder, Moorish Temple of America.

¶ 10    Attached were numerous documents including, relevant here, a "Notice of Subrogation and Mistake of Fact," and a "motion to vacate order" addressed to petitioner's counsel which included a certification pursuant to section 1-109 of the Code of Civil Procedure (735 ILCS 5/1-109 (West 2024)), signed by respondent.

¶ 11     On August 1, 2024, respondent filed a *pro se* notice of appeal, which he signed "Bro. S Lee Bey."  The notice of appeal identified Steven Jermaine Lee as the "EX RELATIONE" and sought to vacate the trial court's July 3, 2024, order and to dismiss the case with prejudice.

¶ 12    On February 26, 2025, on our own motion, we took this case for consideration on the record and appellant's brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 13    On appeal, respondent contends that the trial court erred in granting "summary judgment" in favor of petitioner when the affidavits and depositions "on file" created a challenge to the court's "assumed jurisdiction, and was not proven, and due process was abrogated." Respondent asserts, relevant here, that "notices" submitted to the trial court were not placed "on the record" and that there is question as to whether the trial court had jurisdiction over a private religious trust and its

members and property. He further argues that the court ignored his jurisdictional challenges and postjudgment motion

¶ 14    As a preliminary matter, our review of respondent's appeal is hindered by his failure to fully comply with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020). While respondent used in part a preprinted form, his brief contains a narration of the proceedings from his point of view, refers to  documents not contained in the record on appeal, and lacks cohesive legal arguments and reasoned bases for those arguments in violation of Rule 341(h). See Ill. S. Ct. R. 341(h)(6), (7) (eff. Oct. 1, 2020). "Arguments that do not comply with Rule 341(h)(7) do not merit consideration on appeal and may be rejected by this court for that reason alone." *Wells Fargo Bank, N.A. v. Sanders*, 2015 IL App (1st) 141272, ¶ 43. Accordingly, to the extent respondent's brief fails to comply with Rule 341(h)(7), his arguments are forfeited.

¶ 15    We further note that respondent asserts that the trial court ignored a postjudgment motion. We disagree.

¶ 16    Here, the motion to vacate was signed by Prophet Noble Drew Ali on respondent's behalf and as respondent's "attorney in fact." However, "[n]o person shall be permitted to practice as an attorney or counselor at law within this State without having previously obtained a license for that purpose from the Supreme Court of this State." See 705 ILCS 205/1 (West 2024). Although the right of self-representation authorizes a person to appear on his or her own behalf, this privilege does not extend to representing others "unless he is admitted to the practice of law." *Janiczek v. Dover Management Co.*, 134 Ill. App. 3d 543, 545 (1985). When a non-attorney attempts to represent another party in a legal proceeding, any actions taken by the non-attorney should be treated as a nullity. *Applebaum v. Rush University Medical Center*, 231 Ill. 2d 429, 435 (2008). In

other words, while a self-represented party can represent his or her own interests, a non-attorney cannot represent the interests of another. *Blue v. People*, 223 Ill. App. 3d 594, 596 (1992).

¶ 17    Here, although the motion to vacate referred to Prophet Noble Drew Ali as respondent's "attorney in fact," the document did not include an attorney registration number and the record on appeal does not contain an appearance for Prophet Noble Drew Ali. Accordingly, the motion to vacate signed by Prophet Noble Drew Ali, who provided no information establishing that he is licensed to practice law in this state, should be treated as a nullity. *Applebaum*, 231 Ill. 2d at 435. As the motion to vacate signed by Prophet Noble Drew Ali was a nullity, we cannot find that the trial court improperly ignored it. See *People v. Wilson*, 2023 IL App (1st) 220032, ¶ 16 (finding that a non-lawyer who was not a party to the suit had no authority to file the action and that pleadings signed by this person were a nullity without "legal effect").

¶ 18    Additionally, respondent has attached documents to his brief that are not contained in the record. Respondent asserts that these documents, which purportedly challenge the trial court's jurisdiction, were improperly ignored and removed from the record by the clerk of court. He relies on certified mail receipts, attached to the motion to vacate, as "proof of the filing" of these documents. However, as discussed, the motion to vacate, filed by a non-attorney, is a nullity with no legal effect. *Id.* As there is nothing in the record establishing that the documents attached to respondent's brief were presented to the trial court, these documents therefore cannot be considered on appeal. See *Jackson v. South Holland Dodge, Inc.*, 197 Ill. 2d 39, 55 (2001) (documents not submitted to the circuit court are not properly a part of the record on appeal and cannot be considered on appeal).

¶ 19    Considering the content of respondent's brief, it would be within our discretion to dismiss this appeal. *Zale v. Moraine Valley Community College*, 2019 IL App (1st) 190197, ¶ 32. However, because we understand that respondent seeks to challenge the trial court's judgment of dissolution of marriage, we choose to consider the discernible merits of the appeal. See *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001). That said, the deficiencies in the record still prevent us from reaching this appeal on the merits.

¶ 20    Here, respondent challenges a judgment for dissolution of marriage entered after trial, which included a finding that respondent, who failed to appear for trial, was in default.

¶ 21    On appeal, the appellant, in this case respondent, has the burden to provide a complete record for review in the appellate court to support his claims of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). If no such record is provided, "it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Id.* at 392. This is because, in order to determine whether there was actually an error, a reviewing court must have a record before it to review. *Id.*

¶ 22    Here, respondent argues that that trial court erroneously entered "summary judgment" on July 3, 2024, for petitioner when unidentified affidavits and depositions "on file" created a challenge to the trial court's "assumed jurisdiction." The record on appeal, however, does not contain a report of proceedings from the July 3, 2024, trial or an acceptable substitute such as a bystander's report or agreed statement of facts pursuant to Illinois Supreme Court Rule 323. See Ill. S. Ct. R. 323(a), (c), (d) (eff. July 1, 2017). Without a transcript or an acceptable substitute, we are unable to determine what testimony and evidence were presented or excluded at trial, and have no knowledge of what arguments were presented to the trial court or the court's reasoning in ruling

as it did. Under these circumstances, we must presume that the court acted in conformity with the law and ruled properly after considering the evidence before it. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156-57 (2005). In the absence of a report of proceedings or other record of the hearing, we have no basis for disturbing the trial court's judgment. *Foutch*, 99 Ill. 2d at 391-92.

¶ 23    For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 24    Affirmed.