2026 IL App (1st) 251286-U

FIRST DIVISION
June 29, 2026

No. 1-25-1286

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court of Cook County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 96 CR 13520 |
| | ) | |
| MICHAEL AUSTIN, | ) | |
| | ) | Honorable Stanley J. Sacks, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE HOWSE delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Cobbs concurred in the judgment.

ORDER

¶ 1    *Held*: We reverse the circuit court's order dismissing defendant's postconviction petition at the first stage of proceedings and remand for second-stage proceedings. Because the circuit court dismissed the petition based solely on a perceived technical defect and did not enter a valid first-stage merits ruling within 90 days as required by the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2024)), the petition must advance to the second stage.

¶ 2    Defendant Michael Austin filed a postconviction petition arguing that he is entitled to relief with regard to his 120-year aggregate sentence for first-degree murder and attempted first-degree murder—offenses committed when he was 19 years old. The circuit court dismissed defendant's postconviction petition at the first stage of proceedings on the basis that the petition was prepared by another inmate on defendant's behalf. For the following reasons, we reverse the

dismissal of defendant's postconviction petition at the first stage and remand the case for second-stage proceedings.

¶ 3                                    BACKGROUND

¶ 4       In 1995, defendant was arrested and charged with first-degree murder and attempted first-degree murder for a shooting that left Tisco Esquival dead and Mario Perez with serious injuries. Following a bench trial, defendant was found guilty. Defendant was 19 years old at the time of the shooting. Defendant was sentenced to 90 years in prison for the murder and 30 years for the attempted murder, with the sentences to run consecutively.

¶ 5       On direct appeal, defendant argued that he was denied effective assistance of counsel, he was not proven guilty beyond a reasonable doubt, the circuit court did not consider mitigating evidence, and that his sentence was unconstitutional. We affirmed defendant's conviction and sentence. *People v. Austin*, No. 1–99–1272 (Sept. 2, 2003) (unpublished order under Illinois Supreme Court Rule 23).

¶ 6       On November 22, 2024, defendant filed the *pro se* postconviction petition that is at issue in this appeal. In his postconviction petition, defendant argues that, in light of the U.S. Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012) and the Proportionate Penalties Clause of the Illinois Constitution (Ill. Const. 1970 Art. I. § 11), he is entitled to a new sentencing hearing at which the circuit court considers his young age at the time the offense was committed. Defendant argues in his postconviction petition that his aggregate sentence of 120 years in prison is a *de facto* life sentence that violates the Eighth Amendment of the United States Constitution as set forth in *Miller*. Defendant also argues that the sentencing court did not consider his young age, his individual characteristics, or his rehabilitative potential in violation of the Proportionate Penalties Clause of the Illinois Constitution. Defendant requests an

evidentiary hearing where the court would take evidence concerning defendant's age and individual characteristics under prevailing precedent. Alternatively, defendant requests that the court reduce his sentence to 40 years so that it would be below the threshold for a *de facto* life sentence under Illinois law.

¶ 7　　The postconviction petition is signed by defendant in two places and is submitted in defendant's name only as being filed by himself, *pro se*. Attached to defendant's petition, however, is a "certificate of lay advocacy" in which one of defendant's fellow inmates, David Starks, indicates that he prepared the postconviction petition on defendant's behalf. Starks avers that defendant is unable to do his own *pro se* legal work because of his limited education, limited experience doing legal work, lack of research skills, and lack of access to prison paralegals and the prison law library. Starks states in his certificate that defendant "is not capable of doing his own legal work, but [defendant's] claims are and do have constitutional merit and does require public defender assistance." The certificate is signed and attested to by Starks under penalty of perjury.

¶ 8　　The circuit court ruled on defendant's postconviction petition at a hearing held on January 27, 2025. On that date, the transcript provides as follows:

> "THE COURT: Michael Austin. It's a motion to proceed in forma pauperis. That's denied to begin with. It's a verified petition for postconviction relief. That's denied. It's filed by another inmate who is acting as a lawyer for Michael Austin which he cannot do that. So the petition is stricken. Defendant will be notified. Off call."

On the circuit court's half-sheet for January 27, 2025, the court indicates that the "petition for postconviction relief denied−improperly filed by nonlawyer on Austin's behalf."

¶ 9 The circuit court also entered a written order on January 27, 2025, summarily dismissing defendant's postconviction petition. The analysis section of the circuit court's order begins by briefly summarizing *People v. Wilson*, 2023 IL App (1st) 220032, and then states that "the instant petition must be dismissed because it was improperly prepared by an individual who was not license[d] to practice law. Starks avers that he is a lay advocate, not an attorney. Accordingly, the petition is stricken as a nullity for lack of jurisdiction." In its conclusion section, the court states that it "has considered all of the claims and arguments before it. Based upon the foregoing, this Court finds that all the issues are insufficient to warrant further proceedings. Petitioner's actual innocence claim and ineffective assistance claim fail. This petition is frivolous and patently without merit and is DISMISSED."

¶ 10 Defendant now appeals the first stage dismissal of his postconviction petition.

¶ 11                                          ANALYSIS

¶ 12 On appeal, defendant argues that his postconviction petition should be advanced to the second stage of proceedings because the circuit court failed to properly dismiss the petition within 90 days. Defendant argues that the circuit court did not consider the merits of the constitutional claim he raised in his postconviction petition and instead dismissed the petition based solely upon a perceived technical defect. Thus, defendant claims, the circuit court committed reversible error that necessitates remand for second-stage postconviction proceedings.

¶ 13 The Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2024)) provides a process by which a criminal defendant may challenge his conviction or sentence by filing a petition for relief in the circuit court. 725 ILCS 5/122-1 (West 2024). The Act allows a defendant to assert that, in the proceedings that resulted in his conviction or sentence, there was a substantial denial of his federal or state constitutional rights. *People v. Hodges*, 234 Ill. 2d 1, 9

- 4 -

(2009). The Act provides for a three-stage process for adjudicating postconviction petitions. *People v. Harris*, 224 Ill. 2d 115, 125 (2007). At the first stage, the court independently assesses the merits of the petition. 725 ILCS 5/122-2.1 (West 2024). If the court finds the petition to be "frivolous" or "patently without merit," it must dismiss the petition. 725 ILCS 5/122-2.1(a)(2) (West 2024). However, the circuit court may not dismiss a petition at the first stage solely on the basis of a technical defect. *People v. Hommerson*, 2014 IL 115638, ¶ 11. We review a first-stage dismissal *de novo*. *People v. Boyd*, 347 Ill. App. 3d 321, 327 (2004).

¶ 14    Here, defendant raised a claim in his postconviction petition that his sentence violated the U.S. Constitution and the Illinois Constitution because he received a *de facto* life sentence, was 19 years old at the time of the offense, and, according to the petition, had developmental characteristics more like a juvenile than an adult due to adverse childhood experiences.

¶ 15    At the outset, the State all but concedes that the circuit court's only explained basis for dismissal—that another inmate assisted defendant in preparing the petition—was improper. The petition was signed by defendant and filed in defendant's own name, and that distinction separates this case from one in which a nonlawyer files a pleading on another person's behalf. See *Shaw v. Murphy*, 532 U.S. 223, 231 n.3 (2001).

¶ 16    The State does not ask us to affirm the circuit court's judgment based on its reliance on *People v. Wilson*, 2023 IL App (1st) 220032, nor does it argue that defendant's sentencing claims were, in fact, frivolous or patently without merit. Instead, the State maintains that the dismissal should stand because the circuit court reviewed the merits and found the petition frivolous and patently without merit. The record does not support that characterization.

¶ 17    When the circuit court gave its oral ruling in open court, its complete statement on the petition was that it was "filed by another inmate who is acting as a lawyer for [defendant] which

he cannot do that." The court then stated that the petition was stricken and the case was off call. The oral ruling did not address the substance of defendant's constitutional sentencing claim.

¶ 18     The half-sheet confirms the same basis for dismissal, stating that the "petition for postconviction relief [was] denied—improperly filed by nonlawyer on Austin's behalf." The oral ruling and half-sheet therefore identify a technical filing defect, not a merits determination, as the reason for dismissal.

¶ 19     Although the written order states that the court considered all claims and found the petition frivolous, the order immediately refers to "actual innocence" and "ineffective assistance" claims that defendant did not raise. That mismatch further confirms that the dismissal cannot be treated as a valid first-stage merits ruling on defendant's Proportionate Penalties sentencing claims. No portion of the circuit court's oral ruling, half-sheet entry, or written order analyzes whether defendant's 120-year aggregate sentence violates the Proportionate Penalties clause.

¶ 20     To the extent the written order and oral ruling could be viewed as inconsistent, the oral ruling controls. *People v. Maxey*, 2015 IL App (1st) 140036, ¶ 46. Here, the oral ruling stated only that the petition was subject to dismissal because it was "filed by another inmate who is acting as a lawyer for [defendant]." The court did not use the statutory phrase "frivolous or patently without merit," did not discuss defendant's sentence, and did not address the constitutional claim raised in the petition. Taken together, the oral ruling, half-sheet, and written order show that the dismissal rested on the perceived inmate-assistance defect rather than on an independent assessment of the petition's merits.

¶ 21     The circuit court "may not dismiss a petition at the first stage of proceedings solely on the basis" of a technical defect. *Hommerson*, 2014 IL 115638, ¶ 11. As defendant points out, "[t]he full record of dismissal – the written order combined with the oral order – rebuts the presumption

that the circuit court dismissed the petition based on the legal claim and supporting facts[;] [r]ather, the record establishes that the court summarily dismissed [defendant's] petition based solely on a perceived technical defect, which is not permitted at the first stage."

¶ 22    The circuit court is required to review postconviction petitions within 90 days to determine whether the petition is entirely frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2024). If the circuit court fails to make a finding within 90 days that the entire postconviction petition is frivolous or without merit, the petition must be advanced to the second stage. *People v. Perez*, 2014 IL 115927, ¶ 29. Here, the circuit court's summary dismissal of defendant's postconviction petition was based solely on a perceived technical deficiency and, therefore, the court did not properly rule on the merits of the petition within 90 days. As such, the case must be remanded for second stage proceedings. See *People v. McDonald*, 373 Ill. App. 3d 876, 881 (2007); *Hommerson*, 2014 IL 115638, ¶ 14.

¶ 23                                    CONCLUSION

¶ 24    For the foregoing reasons, we reverse, and we remand for second-stage postconviction proceedings.

¶ 25    Reversed and remanded.